**UNITED STATES of America,
Plaintiff,**

v.

**Ivette RIVERA MALDONADO,
Defendant.**

**No. CRIM.95–0390(HL).**

United States District Court,
D. Puerto Rico.

Dec. 20, 2000.

---

Warren Vazquez, Asst. U.S. Attorney, U.S. Attorney's Office District of P.R., San Juan, PR, for Plaintiff.

Lydia Lizarribar–Buxo, San Juan, PR, for Defendant.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

### BACKGROUND

Defendant Rivera–Maldonado was convicted of conspiring to distribute powder cocaine, crack and marihuana as well as using minors to sell such controlled substances. 21 U.S.C. §§ 841(a), 861(a)(1). For such convictions, the district court sentenced her to life imprisonment. Such sentence was determined after the district court found at sentencing that Rivera–Maldonado was responsible for the distribution of twenty-four (24) kilograms of controlled substances. The sentencing judge set the base offense level (BOL) at thirty-eight (38), then imposed a four-level-role-in-the-offense enhancement as well as a two-level enhancement for employing minors, adjusting the BOL at forty-three (43), triggering a mandatory life sentence. *United States v. Rivera–Maldonado*, 194 F.3d 224, 228 (1st Cir.1999).

Defendant appealed the district court's decision. Although the judgment of conviction was affirmed by the court of appeals, the case was remanded to the district court for re-sentencing since the "district court's finding as to drug quantity under sentencing guidelines lacked sufficient indicia of reliability[.]" *United States v. Rivera–Maldonado*, 194 F.3d at 224.

The re-sentencing issue was referred to me for findings and a report and recommendation on February 22, 2000. (Docket No. 197.) The sentencing hearing has been re-scheduled several times for different reasons. On September 18, 2000, Rivera–Maldonado filed an urgent motion requesting the district court to re-sentence her pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (Docket No. 218.) Defendant was granted a continuance of the sentencing hearing until I ruled on the issue based on *Apprendi v. New Jersey*. The United States responded to defendant's position on October 16, 2000. (Docket No. 223.)

### DRUG QUANTITIES, SENTENCING AND THE NEW APPRENDI RULE

It was long settled, although constantly opposed by defendants, that drug quantity is not an element of the offense, but rather a sentencing factor to be determined by the sentencing court by a preponderance of the evidence. *United States v. Lindia*, 82 F.3d 1154, 1161 n. 6 (1st Cir.1996); *United States v. Mabry*, 3 F.3d 244, 250 (8th Cir.1993); *United States v. Moreno*, 899 F.2d 465, 472–73 (6th Cir.1990). However, in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311

(1999), the Supreme Court questioned the "constitutionality of enhancing penalties through judicial findings by a preponderance of the evidence." *United States v. Angle*, 230 F.3d 113, 121 (4th Cir.2000); *see Jones v. United States*, 526 U.S. at 243 n. 6, 119 S.Ct. 1215. Nevertheless, circuit courts interpreted *Jones v. United States* "as a suggestion rather than an absolute rule. Thus, they continued to view drug quantity as a sentencing factor." *United States v. Angle*, 230 F.3d at 122; *see also United States v. Thomas*, 204 F.3d 381, 384 (2nd Cir.2000); *United States v. Williams*, 194 F.3d 100, 107 (D.C.Cir. 1999); *United States v. Jones*, 194 F.3d 1178, 1186 (10th Cir.1999).

*Apprendi v. New Jersey*, put a stop to all possible blurred interpretations of *Jones v. United States.* In *Apprendi*, the Supreme Court of the United States emphatically established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 120 S.Ct. at 2362–63; *see also United States v. Mojica–Baez*, 229 F.3d 292, 306 (1st Cir.2000); *Sustache–Rivera v. U.S.*, 221 F.3d 8, 14–15 (1st Cir.2000). Therefore, to have a set of facts that fits into the *Apprendi* rule, we must first have a sentence imposed that exceeds the maximum laid down in the statute under which the defendant was convicted. Also, to apply the mentioned rule, the sentence enhancement must have been motivated by findings of facts, other than prior convictions, that were not submitted to a jury.

■ In applying *Apprendi* to drug cases, it has been said that "if the government seeks enhanced penalties based on the amount of drugs ... the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir.2000). Therefore, after *Apprendi*, it is a forced conclusion that drug quantity is an aggravating element of the offense which must be proven to a jury beyond a reasonable doubt. *United States v. Doggett*, 230 F.3d at 164; *United States v. Rebmann*, 226 F.3d 521 (6th Cir.2000); *United States v. Nordby*, 225 F.3d 1053, 1053 (9th Cir. 2000); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933 (8th Cir.2000); *see, e.g., Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. at 2368, 147 L.Ed.2d 435 (2000) (Thomas, J., concurring).

## ANALYSIS

The sole issue here is whether *Apprendi* applies to defendant's case, and if it does, to which remedy is she entitled. Although there was some reference to drug quantity in the indictment,[1] that issue was never submitted to the jury, and therefore never proven beyond a reasonable doubt.[2]

■ Under *Apprendi*, if the issue of drug quantity is not submitted to the jury and proven beyond a reasonable doubt, then the sentence has to be imposed pursuant to 21 U.S.C. § 841(b)(1)(C) which makes no reference to quantities and establishes a maximum of twenty (20) years of imprisonment. *United States v. Doggett*, 230 F.3d at 165; *United States v. Angle*, 230 F.3d at 123; *United States v. Rogers*, 228 F.3d 1318, 1327–28 (11th Cir. 2000); *United States v. Sheppard*, 219 F.3d 766, 768 (8th Cir.2000). This principle does not mean that a judge can not make findings as to drugs quantities in the sentencing hearing. If the sentencing findings regarding drug quantities do not

---

**1.** In its pertinent part, the indictment charged defendant "to wit: knowingly and intentionally distribute multi-kilogram quantities of controlled substances, that is, in excess of five kilograms of cocaine and crack cocaine, ... and multi-kilogram quantities of marihuana[.]" (Docket No. 1.)

**2.** Specifically, the jury was instructed not to consider the issue of quantity of the drugs as charged in the indictment. (Tr. of Jury Trial, vol. 7, at 687, lines 5–10.)

enhance the prescribed statutory maximum, then there is no *Apprendi* violation. *United States v. Doggett,* 230 F.3d at 166. "Apprendi does not affect the holding ... that the judge alone determines drug types and quantities when imposing sentences short of the statutory maximum." *Talbott v. Indiana,* 226 F.3d 866, 869–70 (7th Cir.2000); *see Edwards v. United States,* 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (holding that "a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines").

There is no controversy in this case that although the indictment made a vague reference to drug quantity,[3] no question as to the amount of drugs was submitted to the jury and therefore not proven beyond a reasonable doubt. For this reason, the sentencing cap as to count one of the indictment should be set to twenty (20) years.[4] 21 U.S.C. § 841(b)(1)(C). However, in a sentencing hearing the court is not precluded by the ruling in *Apprendi* to hear evidence as to drug quantity, including any testimony the parties deem proper to offer, as long as the sentence imposed does not exceed the maximum authorized by statute.

## CONCLUSION

In view of the above, defendant's motion to sentence her pursuant to the ruling of *Apprendi v. New Jersey* is deferred and denied regarding her request to determine that the government may not present witnesses to establish drug quantities.

---

3. Specifically, this is why the case was remanded from the court of appeals, because of the lack of reliability of the findings of the district court as to drug quantities.

4. Since the defendant was also convicted under section 861(a)(1) for using minors to sell controlled substances, the maximum sentence she is finally subject to is forty (40) years. 21 U.S.C. § 861(b).