**UNITED STATES of America,
Plaintiff,**

v.

**Ramon Ayala BERDECIA, Defendant.**

No. 01–098(SEC).

United States District Court,
D. Puerto Rico.

May 25, 2001.

Stephen W. Muldrow, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for plaintiff.

Maria H. Sandoval, Santurce, PR, for defendant.

Warren Vazquez, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for plaintiff.

### OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendant's motion to dismiss the Indictment (**Docket # 17**), which the Government has duly opposed (**Docket # 18**). For the reasons set forth below, Defendant's motion is **DENIED.**

### Background

On March 7, 2001, a federal grand jury returned a three count Indictment against the Defendant charging him with three violations of 21 U.S.C. § 841(a)(1). In his motion, Defendant argues that the Indictment should be dismissed because 21 U.S.C. § 841 is unconstitutional on its face and as it is applied, pursuant to the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

### Applicable Law/Analysis

The pertinent statutory scheme involved in this case is as follows: the underlying offense is set out in section 841(a)(1), which makes it unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Section 841(b), in turn, establishes the penalties applicable to a violation of section 841(a)(1), and these penalties increase in severity based on drug type and quantity determinations. Until recently, the *modus operandi* was to charge a violation of Section 841(a), without any mention of drug quantity, and allow the judge to determine drug quantity by using the preponderance of the evidence standard during sentencing. However, this practice was called into doubt in the wake of the Supreme Court's *Apprendi* decision, where it was held as a matter of constitu-

tional law, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63.

After *Apprendi*, criminal drug defendants throughout the federal system attempted to use the Court's decision to overturn their convictions on constitutional grounds. These defendants argued that since drug quantity determinations could increase their sentence beyond the statutory maximum, quantity determinations needed to be made by the jury and proved beyond a reasonable doubt. To put it another way, the defendants argued that drug quantity was an element of the offense. When addressing this precise argument, numerous circuits have found drug amounts to be enhancement elements properly submitted to the jury where the drug quantity extends the sentence beyond the otherwise applicable maximum. *See, e.g., United States v. Sheppard*, 219 F.3d 766, 767 (8th Cir.2000) ("Based upon the Supreme Court's recent decision in *Apprendi v. New Jersey*, . . . we conclude that drug quantity must often be treated as an element of the offense under § 841. . . ."); *United States v. Williams*, 235 F.3d 858, 863 (3rd Cir.2000); *United States v. Hishaw*, 235 F.3d 565, 574–76 (10th Cir.2000); *United States v. Shepard*, 235 F.3d 1295, 1296 (11th Cir.2000); *United States v. Flowal*, 234 F.3d 932, 936 (6th Cir.2000); *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir.2000); *United States v. Angle*, 230 F.3d 113, 124 (4th Cir.2000); *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000).

In his motion to dismiss the Indictment, Defendant puts his own spin on *Apprendi* by arguing that the proper remedy is to hold all of Section 841 unconstitutional. According to the Defendant, Section 841(a) and (b) are completely interdependent and cannot be severed from one another. Therefore, he believes that the "now-unconstitutional drug type and drug quantity-based sentencing enhancement provisions of 21 U.S.C. § 841(b) cannot be excised from the rest of Section 841. . . ." In support of this theory, Defendant claims that "Congress could not have intended a constitutionally infirm provision to be excised from the remainder of the statute, if the balance of the legislation in incapable of functioning independently." *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987).

The only problem with Defendant's argument, and one that can not be overlooked, is that the Supreme Court, in *Apprendi*, did not hold that Section 841(b) was unconstitutional. In fact, when facing similar arguments to those raised by Defendant, the circuits have been quick to reject them. For example in *United States v. Brough*, the Seventh Circuit held that:

> Brough's argument is confused. *Apprendi* and *Nance* do not establish that anything in § 841 is unconstitutional or require its severance. If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties, whether these are divided across multiple subsections (as § 841 does), or even whether they are scat-

tered across multiple statutes (see 18 U.S.C. §§ 924(a), 1963). *Apprendi* holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

243 F.3d 1078, 1079 (7th Cir.2001); *see also United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.2000); *United States v. Candelario*, 240 F.3d 1300, 1311 n. 16 (11th Cir.2001); *United States v. Vigneau*, 2001 WL 273094 (1st Cir.2001).

### Conclusion

There is nothing in *Apprendi* or subsequent case law which merits a finding that Section 841 is unconstitutional on its face or as applied. Therefore, Defendant's motion to dismiss the Indictment (**Docket # 17) is DENIED.**

**SO ORDERED.**