**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Calvin Wayne BUCKLAND,**
**Defendant–Appellant.**

No. 99–30285.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2000

Submission vacated Aug. 9, 2000

Resubmitted Dec. 4, 2000

Filed Aug. 9, 2001

Zenon Olbertz, Tacoma, Washington, for the defendant-appellant.

Arlen Storm, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

Before: B. FLETCHER and TASHIMA, Circuit Judges, and DUPLANTIER, District Judge.*

TASHIMA, Circuit Judge:

█ Calvin Wayne Buckland appeals the sentence imposed by the district court following his conviction for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. After briefing was completed in this appeal, the Supreme Court held that any fact, other than a prior conviction, that increases the prescribed statutory maximum penalty to which a defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490,

120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We subsequently vacated submission and ordered supplemental briefs on the impact of *Apprendi* on this appeal. Buckland then argued that *Apprendi* rendered 21 U.S.C. § 841(b) facially unconstitutional. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we hold that 21 U.S.C. §§ 841(b)(1)(A) & (B) are facially unconstitutional under *Apprendi*.[1] We therefore vacate Buckland's sentence and remand for resentencing under 21 U.S.C. § 841(b)(1)(C).

## BACKGROUND

In 1994, Buckland was indicted on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846, three counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and three counts of use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count One of the indictment alleged that the conspiracy involved "one thousand (1000) grams or more of a mixture or substance containing a detectable amount of methamphetamine," but, as was customary, the jury was not instructed that it needed to find that any particular amount of methamphetamine was involved in order to convict on the conspiracy or the possession counts. Buckland was convicted on all seven counts. The district court determined the amount of drugs under the preponderance of the evidence standard and sentenced Buckland to 824 months' imprisonment. On appeal, we affirmed his conspiracy and drug convictions, vacated the firearm convictions under *Bailey v.*

---

\* The Honorable Adrian G. Duplantier, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

1. A provision of a statute is facially unconstitutional if "no set of circumstances exists

under which the [provision] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

*United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and remanded for resentencing. *United States v. Buckland,* No. 95–30147, 1996 WL 632958 (9th Cir. Oct. 28, 1996) (unpublished decision).

On remand, Buckland attempted to raise a number of issues, including whether the district court relied on an inaccurate estimate of the amount of drugs in establishing his base offense level. The district court, however, limited the hearing to a firearm enhancement issue and sentenced Buckland to 360 months' imprisonment. Buckland again appealed, and we held that the remand in the first appeal was a general remand that permitted the district court to consider all of Buckland's sentencing objections. We therefore vacated his sentence and remanded for resentencing. *United States v. Buckland,* Nos. 97–30204, 97–35687, 1998 WL 514852 (9th Cir. Aug. 14, 1998) (unpublished decision). On the second remand, the district court sentenced Buckland to a term of 324 months.

■ On this appeal, Buckland contends that the district court's findings on the type and quantity of methamphetamine were erroneous, that the court erred in failing to decrease his sentence for acceptance of responsibility, and that his trial counsel rendered ineffective assistance. In his supplemental briefs, as indicated, Buckland contends that his sentence was imposed in violation of *Apprendi,* and that 21 U.S.C. § 841(b) is facially unconstitutional under *Apprendi.*[2] We agree.

## STANDARD OF REVIEW

■ Because *Apprendi* was decided after Buckland's resentencing, Buckland did not object to the district court's use of the preponderance of the evidence standard in determining the amount of methamphetamine. Our review therefore is for plain error. Fed.R.Crim.P. 52(b). Under the plain error standard, Buckland must establish that there was error, that the error was plain, and that it affected his substantial rights. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If these conditions are met, we may exercise our discretion to correct the error only if the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)) (alteration in the original).

## ANALYSIS

### I.

■ The issue in *Apprendi* was whether the Due Process Clause of the Fourteenth Amendment requires that a fact authorizing an increase in the maximum prison sentence for an offense must be found by a jury beyond a reasonable doubt. *Apprendi,* 530 U.S. at 469, 120 S.Ct. 2348. In a decision foreshadowing *Apprendi,* the Supreme Court had acknowledged the possible constitutional problems of a statute that would allow an increased penalty based on a fact found by a judge by a preponderance of the evidence. *Jones v. United States,* 526 U.S. 227, 242–52, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). The Court had avoided the constitutional question, however, by construing the statute at issue, 18 U.S.C. § 2119, the federal carjacking statute, as establishing separate offenses with separate penalties, rather than one offense with sentencing enhancements based on a judicial finding by a preponderance of the evidence. *Id.* at 235, 252, 119 S.Ct. 1215. In *Apprendi,* however, the constitutional question was "starkly presented." *Apprendi,* 530 U.S. at 476, 120 S.Ct. 2348.

---

**2.** Because Buckland's case comes before us on direct review, he is entitled to the benefit of *Apprendi* 's new rule. *Griffith v. Kentucky,*

479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000).

Charles Apprendi was convicted of possession of a firearm for an unlawful purpose, a second-degree offense under New Jersey state law that carried a penalty range of five to 10 years.[3] At his sentencing, the judge sentenced him to 12 years, applying a New Jersey hate crime statute that provided for an "extended term of imprisonment" if the court found, by a preponderance of the evidence, that "[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity." N.J. Stat. Ann. § 2C:44–3(e) (West 2001). The state appeals court and the New Jersey Supreme Court affirmed Apprendi's sentence, finding that the hate crime enhancement was a traditional sentencing factor, and, as such, was not an element of the offense that needed to be found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 471–73, 120 S.Ct. 2348.

The United States Supreme Court reversed, holding that the increase in the statutory maximum penalty violated Apprendi's constitutional rights to due process and a jury trial because it " 'remove[d] from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' " *Id.* at 490, 120 S.Ct. 2348 (quoting *Jones*, 526 U.S. at 252, 119 S.Ct. 1215 (Stevens, J., concurring)). The Court noted the long history of judges exercising discretion by taking various factors into consideration when imposing a sentence *within* statutory limits. *Id.* at 481, 120 S.Ct. 2348. The New Jersey statute, however, unconstitutionally permitted the judge to impose a sentence *above* the statutory maximum, based on a factual finding made by the judge under the preponderance of the evidence standard. *Id.* at 491, 120 S.Ct. 2348. The Court thus "confirm[ed] the opinion ... expressed in *Jones*," that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [4] *Id.* at 490, 120 S.Ct. 2348.

We applied *Apprendi* in *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), and held that "the amount of drugs for which a defendant is sentenced under 21 U.S.C. § 841(b)(1) is such a fact." *Id.* at 1056. Nordby's sentence therefore violated *Apprendi* because the drug quantity finding was made by the judge under the less demanding standard, and it increased the penalty beyond the statutory maximum allowable under the facts as found by the jury. *Id.* at 1061–62. We concluded in *Nordby* that we could give no "construction to the statute before us that would avoid the constitutional issue raised by *Apprendi*," because Congress "clearly intended that drug quantity be a sentencing factor, not an element of the crime under § 841; the statute is not susceptible to a contrary interpretation." *Id.* at 1058.

---

**3.** Apprendi was convicted of three counts, only one of which is relevant here.

**4.** In *Apprendi*, the Court acknowledged that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), may have been incorrectly decided because it permitted a court to increase a defendant's sentence for a prior conviction that was not mentioned in the indictment. 530 U.S. at 489–90, 120 S.Ct. 2348. The Court, however, decided not to revisit *Almendarez–Torres*, treating recidivism as a "narrow exception" to the general rule announced in *Apprendi*. *Id.* Thus, although *Apprendi* "casts doubt on the continuing viability of *Almendarez–Torres*," *Almendarez–Torres* remains good law "unless and until [it] is overruled by the Supreme Court." *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000), *amended*, 2000 WL 33156290 (9th Cir. Feb. 8, 2001), *cert. denied*, 121 S.Ct. 1503 (2001).

## II.

21 U.S.C. § 841 is part of a "significant history" of determinate-sentencing schemes permitting discretionary sentencing by judges, within limits set by legislatures, based upon sentencing factors deemed relevant by the legislature. *Apprendi*, 530 U.S. at 544, 120 S.Ct. 2348 (O'Connor, J., dissenting). Similar to other such schemes, *see, e.g.*, 21 U.S.C. § 960, § 841 describes "unlawful acts," traditionally viewed as the elements of the offense, in subsection (a), and "penalties," traditionally viewed as sentencing factors, in subsection (b). The penalties are based on the type and quantity of drugs, although subsection (b)(1)(C) imposes a 20–year maximum sentence for an undetermined amount of schedule I or II drugs.[5]

Justice O'Connor's dissent in *Apprendi* recognized that the majority's "reasoning strongly suggests" that federal determinate-sentencing schemes, such as that found in § 841, are not constitutional. *Apprendi*, 530 U.S. at 550–51, 120 S.Ct. 2348 (O'Connor, J., dissenting); *see also id.* at 544, 120 S.Ct. 2348 (stating that, "in light of the adoption of determinate-sentencing schemes by many States and the Federal Government, the consequences of the [ma-

jority's] rules in terms of sentencing schemes invalidated by today's decision will likely be severe"). Justice Breyer also expressed concern that "the majority's rule creates serious uncertainty about the constitutionality of such statutes and about the constitutionality of the confinement of those punished under them." *Id.* at 565, 120 S.Ct. 2348 (Breyer, J., dissenting). After examining § 841(b) with the usual tools of statutory construction, such as the statute's structure and legislative history, as well as under the rule announced in *Apprendi*, we agree with Justices O'Connor and Breyer that the majority rule in *Apprendi* renders the determinate-sentencing scheme in § 841(b) unconstitutional.[6]

We note first that, as the government acknowledges, the sentence imposed by the district court constitutes error because it is longer than 20 years, the statutory maximum penalty under § 841(b)(1)(C) for a conviction with no jury determination of the quantity of drugs. We also note that, as was customary prior to *Apprendi*, the jury instructions given by the district court did not require the jury to find the amount of methamphetamine.[7] Similarly, the jury verdict form merely stated, "guilty as charged" on each count and did not contain

**5.** Methamphetamine is a schedule II drug. 21 C.F.R. § 1308.12(d).

**6.** Although the majority opinion noted the dissent's "lengthy disquisition on the benefits of determinate sentencing schemes, and the effect of today's decision on the federal Sentencing Guidelines," the opinion responded that the Guidelines were not before the Court, but was silent about determinate sentencing schemes. 530 U.S. at 497 n. 21, 120 S.Ct. 2348.

**7.** The jury instruction on the possession counts stated:

The defendant is charged in Counts 2, 4 and 6 of the superseding indictment with possession with intent to distribute methamphetamine, in violation of Section 841(a)(1) of

Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that on or about the date alleged, the defendant knowingly possessed, or aided and abetted the possession of, a mixture or substance containing methamphetamine; and

*Second*, that the defendant did so with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

The instruction on the conspiracy count merely described the requirements of finding a

any finding of the amount of methamphetamine. For these reasons, Buckland's sentence violates *Apprendi.*

## III.

■ Apprendi teaches us that " '[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' " 530 U.S. at 490, 120 S.Ct. 2348 (quoting *Jones v. United States,* 526 U.S. 227, 252, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (Stevens, J., concurring)). *Nordby* held that § 841 was not susceptible to an interpretation other than that Congress intended drug quantity to be a sentencing factor, not an element of the offense under § 841. 225 F.3d at 1058. Applying *Apprendi* to the statute as interpreted by *Nordby,* we cannot avoid the conclusion that *Apprendi* renders §§ 841(b)(1)(A) and (B) unconstitutional because they permit the judge to find a fact, the quantity of drugs, under the preponderance of the evidence standard, that increases the maximum penalty to which a defendant is exposed.

■ We begin by examining the structure of § 841.[8] Subsection 841(a), entitled "Unlawful acts," sets forth the elements of the offense, providing that "it shall be unlawful for any person knowingly or intentionally-(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." Subsection 841(b) is entitled "Penalties," and it provides that "any person who violates subsection (a) of this section shall be sentenced as follows." It then provides for penalties based upon factors traditionally determined by the sentencing judge by a preponderance of the evidence-the amounts and types of drugs, along with increased penalties if death or serious bodily injury results, or if the defendant has a prior conviction for a felony drug offense. Under this structure, only subsection (a) can be violated. Subsection (b) only provides the penalties for a violation of subsection (a).

The penalties in §§ 841(b)(1)(A) and (b)(1)(B) depend on the quantity of each drug involved; however, as stated above, § 841(b)(1)(C) provides a 20–year maximum sentence for an indeterminate amount of schedule I or II drugs (provided that the death or serious bodily injury enhancement and the prior conviction do not apply). Subsection 841(b)(1)(D) provides a five-year maximum for, *inter alia,* schedule III controlled substances.[9] On its face, therefore, § 841 differentiates be-

conspiracy and did not mention the amount of methamphetamine.

8. Although the structure of the statute may not be dispositive, " 'the title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute." *Almendarez–Torres,* 523 U.S. at 234, 118 S.Ct. 1219 (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R.,* 331 U.S. 519, 528–29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947)). *But cf. Jones,* 526 U.S. at 233, 119 S.Ct. 1215 (stating that "[t]he 'look' of [18 U.S.C. § 2119] . . . is not a reliable guide to congressional intentions").

9. Buckland argues that drug type is an "enhancement element" that should be pleaded in the indictment and proven at trial. He argues that it was not, and that he should accordingly be sentenced under the subsection of § 841 that provides the lowest statutory maximum sentence, subsection (b)(1)(D). We disagree that he should be sentenced under subsection (b)(1)(D), because it is inapplicable to his case. Subsection (b)(1)(D) deals with small quantities of marijuana or hashish, and with controlled substances in schedules III, IV, and V. Methamphetamine is a Schedule II substance. 21 C.F.R. § 1308.12. Moreover, Buckland fails to raise the argument clearly, and so we decline to address the issue. *Cf. United States v. Viramontes–Alvarado,* 149 F.3d 912, 916 n. 2 (1998) (declining to consider an issue "not specifically and dis-

tween the elements of the offense and the prescribed penalties.

■ We recognize that the statute at issue in *Apprendi* explicitly permitted the imposition of the hate crime enhancement based upon a finding by the court by a preponderance of the evidence, whereas § 841 does not explicitly state that the court may find the drug quantity by a preponderance of the evidence. *See* N.J. Stat. Ann. § 2C:44–3(e). This is an insufficient basis, however, on which to distinguish § 841. The fact that the New Jersey Legislature made its intent explicit, and that Congress did not, does not give us "the prerogative to ignore the legislative will in order to avoid constitutional adjudication." *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 841, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986) ("*CFTC*"). *Nordby* has already held that Congress clearly intended to allow a judge to determine drug quantity under § 841 under a preponderance of the evidence standard.[10] 225 F.3d at 1058. Moreover, the language of the statute, providing that "any person who violates subsection (a) of this section shall be sentenced as follows," indicates Congress' intent that the penalties be determined by the judge at sentencing. The structure and legislative history of § 841 further indicate Congress' intent that the quantity of drugs be a sentencing factor, not an element of the offense.

The statute is now and always has been structured by defining the offense in subsection (a) and the penalties in subsection (b). *See, e.g.,* Comprehensive Drug Abuse

Prevention and Control Act of 1970, Pub.L. No. 91–513, § 401, 84 Stat. 1260 (codified, as amended, at 21 U.S.C. § 841). The legislative history of the statute clearly differentiates between violations and criminal penalties. *See, e.g.,* H.R.Rep. No. 91–1444 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4566, 4570, 4575. Particularly telling is that, in describing the penalties section, the legislative history notes that, "[t]he foregoing *sentencing procedures* give maximum flexibility to *judges,* permitting them to tailor the period of imprisonment, as well as the fine, to the circumstances involved in the individual case." *Id.* at 4576 (emphasis added).

In 1970, the penalties depended on the type of drugs, rather than the amount of drugs. Pub.L. No. 91–513, § 401; *see also* H.R.Rep. No. 91–1444 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4566, 4576 (stating that the penalties vary, "depending upon the danger of the drugs involved"). In 1983, however, Congress recognized that, "[w]hile it is appropriate that the relative dangerousness of a particular drug should have a bearing on the penalty for its importation or distribution, another important factor is the amount of the drug involved." S.Rep. No. 98–225, at 255 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3437. Congress therefore amended § 841 to provide greater penalties for offenses involving larger amounts of drugs. *Id.* at 258, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3440. The drug quantity determination, therefore, was placed in the penalties section, which Congress had already described as containing sentencing procedures for the judge.[11] *Cf.* H.R.Rep. No. 101–681(I), at

---

tinctly argued" in the appellant's opening brief).

**10.** A three-judge panel cannot reconsider or overrule the decision of a prior panel, absent an intervening Supreme Court decision that has undermined the precedential value of that authority. *United States v. Hanley,* 190 F.3d

1017, 1023 (9th Cir.1999); *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992).

**11.** Further evidence that Congress intended the penalties section to constitute sentencing factors, rather than elements of the offense, is its inclusion in the penalties section of an enhancement for a prior felony drug offense conviction, which is "as typical a sentencing

110 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6514–15 (noting the need for judges to have "flexibility when fashioning a sentence" under § 841(b)).

The structure of the statute itself and the legislative history clearly evince congressional intent that drug quantity be a sentencing factor, not an element of the offense. In *Apprendi,* however, the Court described the distinction between elements and sentencing factors as "constitutionally novel and elusive." 530 U.S. at 494, 120 S.Ct. 2348. We therefore examine § 841(b) in light of what the Court described as "the relevant inquiry," that is, the effect, rather than the form, of the factor-"does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* The answer is yes. Subsections 841(b)(1)(A) and (B) permit the judge to find a fact, the quantity of drugs, that increases the maximum sentence beyond the 20–year maximum in § 841(b)(1)(C) that may be imposed for an unspecified amount of drugs. They therefore "remove[ ] the jury from the determination of a fact that, if found, exposes the criminal defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone." *Id.* at 482–83, 120 S.Ct. 2348. The district court's finding that Buckland was responsible for eight kilograms of methamphetamine increased his potential maximum sentence from 20 years, based on the jury finding of an unspecified amount of methamphetamine, to life imprisonment. This differential is "unquestionably of constitutional significance." *Id.* at 495, 120 S.Ct. 2348 (describing the differential between a potential maximum sentence of 10 years and 20 years). Under the "relevant inquiry" set forth in *Apprendi,* therefore, we are unable to avoid the

factor as one might imagine." *Almendarez–*

conclusion that § 841(b) is unconstitutional.

We further note that the Court distinguished *Almendarez–Torres* on the basis that recidivism, the sentencing factor at issue in *Almendarez–Torres,* did not relate to the commission of the offense itself, whereas the "biased purpose inquiry goes precisely to what happened in the 'commission of the offense.'" *Id.* at 496, 120 S.Ct. 2348 (quoting *Almendarez–Torres,* 523 U.S. at 244, 118 S.Ct. 1219). Similarly here, the amount of drugs cannot be said to be unrelated to the commission of the offense. Rather, a large amount of drugs makes the offense more dangerous; this is precisely why Congress amended the statute to allow increased penalties depending on the amount of drugs involved. S.Rep. No. 98–225, at 255 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3437. The amount of drugs therefore "goes precisely to what happened in the commission of the offense." 530 U.S. at 496, 120 S.Ct. 2348 (internal quotations omitted).

▪▪▪▪ We recognize the maxim that "constitutionally doubtful constructions should be avoided where 'fairly possible.'" *Miller v. French,* 530 U.S. 327, 336, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (quoting *Communications Workers v. Beck,* 487 U.S. 735, 762, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988)). "It is equally true, however, that this canon of construction does not give a court the prerogative to ignore the legislative will in order to avoid constitutional adjudication; '[a]lthough this Court will often strain to construe legislation so as to save it against constitutional attack, it must not and will not carry this to the point of perverting the purpose of a statute ...' or judicially rewriting it." *CFTC,* 478 U.S. at 841, 106 S.Ct. 3245 (quoting *Aptheker v. Secretary of State,* 378 U.S.

*Torres,* 523 U.S. at 230, 118 S.Ct. 1219.

500, 515, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964)); *see also Miller,* 530 U.S. at 336, 120 S.Ct. 2246 (noting the principle that, "where Congress has made its intent clear, 'we must give effect to that intent'") (quoting *Sinclair Refining Co. v. Atkinson,* 370 U.S. 195, 215, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962)). We cannot, therefore, follow the lead of the Seventh Circuit, which has overruled its precedent holding that drug quantities under § 841(b) are "always a sentencing factor." *United States v. Nance,* 236 F.3d 820, 825 (7th Cir.2000), *petition for cert. filed* (U.S. Apr. 24, 2001) (No. 00–9633); *see also United States v. Westmoreland,* 240 F.3d 618, 632 (7th Cir. 2001) (discussing *Nance* ). For the same reason, we cannot agree with the Seventh Circuit's holding in *United States v. Brough,* 243 F.3d 1078 (7th Cir.2001), that *Apprendi* does not render § 841 unconstitutional.[12]

In *Brough,* the court reasoned that the statute does not explicitly state that the type and quantity of drugs are to be determined by the judge by a preponderance of the evidence. *Id.* at 1079. The court further reasoned that

> [i]nstead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties,

whether these are divided across multiple subsections (as § 841 does), or even whether they are scattered across multiple statutes (*see* 18 U.S.C. §§ 924(a), 1963). *Apprendi* holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

*Id.*

■ We disagree with the Seventh Circuit for several reasons. First, although we should construe a statute to avoid "serious constitutional problems," we cannot do so if "such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988). For the reasons already discussed, construing § 841(b) as containing elements of the offense rather than sentencing factors is "plainly contrary to the intent of Congress." *Cf. United States v. Kelly,* 105 F.Supp.2d 1107, 1115 (S.D.Cal.2000) (reasoning that "congressional idleness in the face of voluminous precedent" that

---

**12.** In *United States v. Slaughter,* 238 F.3d 580 (5th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 2015, 149 L.Ed.2d 1015 (2001), the Fifth Circuit rejected a facial constitutional challenge to § 841, stating, without discussion, that "[w]e see nothing in the Supreme Court decision in *Apprendi* which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face." *Id.* at 581. *See also United States v. Fort,* 248 F.3d 475, 483 (5th Cir. Apr.17, 2001) (relying on *Slaughter* to reject argument that §§ 841(a) and (c) are facially unconstitutional in light of *Apprendi* ); *United States v.*

*Candelario,* 240 F.3d 1300, 1311 n. 16 (11th Cir.2001) (finding, without explanation, the defendant's facial challenge to the constitutionality of §§ 841 and 846 to be without merit), *cert. denied,* —— U.S. ——, 121 S.Ct. 2535, 150 L.Ed.2d 705 (2001). The Tenth Circuit has also rejected a facial challenge to § 841, reasoning that its pre-*Apprendi* cases holding that drug quantity is a sentencing factor are no longer of precedential value, and that § 841 does not address procedures for determining drug quantity. *United States v. Cernobyl,* 255 F.3d 1215, 1218–19 (10th Cir.2001). For the reasons discussed above, we cannot agree with the Tenth Circuit.

§ 841(b) contains sentencing factors, not elements, indicates Congress' agreement). Furthermore, we are bound by *Nordby,* which has already held that § 841(b) is not susceptible to the interpretation that it contains elements of the offense. *See* 225 F.3d at 1058.

Second, the analysis in *Brough* does not acknowledge the role of congressional intent in evaluating the constitutionality of a statute. Whether Congress intended drug quantity to be a sentencing factor rather than an element of the offense is integral to the question. *Cf., e.g., Jones,* 526 U.S. at 232, 119 S.Ct. 1215 (in construing 18 U.S.C. § 2119, the Court reasoned that "[m]uch turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt"). Indeed, in two cases decided shortly before *Apprendi,* the Supreme Court's statutory analysis focused on determining legislative intent. *See, e.g., Castillo v. United States,* 530 U.S. 120, 123, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000) (identifying the question presented as "whether Congress intended the statutory references to particular firearm types in [18 U.S.C.] § 924(c)(1) to define a separate crime or simply to authorize an enhanced penalty"); *Jones,* 526 U.S. at 232–40, 119 S.Ct. 1215 (examining statute's structure and history, as well as similar statutes passed by Congress, in order to determine congressional intent on whether factor was element of offense or sentencing consideration); *see also Almendarez–Torres,* 523 U.S. at 228, 118 S.Ct. 1219 (stating that the question of which factors are elements of an offense and which are sentencing factors is "normally a matter for Congress," and, accordingly, looking to the statute and to congressional intent to analyze the statute). *Apprendi* seems to eschew the distinction between sentencing factors and elements in favor of

its "relevant inquiry" of the effect of the factor; the Court, however, did not go as far as to abolish the distinction. *See Apprendi,* 530 U.S. at 494, 120 S.Ct. 2348. Moreover, even if the sentencing factor versus element distinction is not dispositive, § 841 violates the constitutional requirement set forth in *Apprendi* that a fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. 2348.

Nor do we think there is a middle road, by which drug quantity is sometimes an element of the offense that must be proven to the jury beyond a reasonable doubt, and sometimes a sentencing factor that the judge can decide by a preponderance of the evidence. *Cf. Horton v. United States,* 244 F.3d 546, 552 (7th Cir.2001) (concluding that, although drug type is not an element of the offense, it "is sometimes a factor that must be determined by a jury-when such a determination will increase the maximum penalty authorized by statute," citing *Apprendi* ). Regardless of whether the Supreme Court intended to abolish the distinction between offense elements and sentencing factors, the fact remains that quantity must either be submitted to the jury and proven beyond a reasonable doubt, or it is a factor that can be decided by the sentencing judge. This approach, of requiring it to be proven to the jury only if the resulting sentence will be beyond the statutory maximum, but allowing it to be decided by the judge if it is not, is unworkable. As a practical matter, the prosecutor will always have to submit drug quantity to the jury. This raises the problem articulated by Justice Breyer in *Apprendi,* where he stated that, "to require jury consideration of all such [sentencing] factors—say, during trial where the issue is guilt or innocence— could easily place the defendant in the

awkward (and conceivably unfair) position of having to deny he committed the crime yet offer proof about how he committed it, *e.g.,* 'I did not sell drugs, but I sold no more than 500 grams.'" *Apprendi,* 530 U.S. at 557, 120 S.Ct. 2348 (Breyer, J., dissenting); *cf. U. S. v. Jackson,* 207 F.3d 910 at 921 (raising a similar problem, "[i]f a jury were required to determine whether the defendant had distributed 3, 6, 49, or 52 grams of mixture or substance containing crack, its attention would be deflected from the question at once more fundamental to culpability and more manageable by a lay factfinder whether the defendant had distributed a forbidden substance").

## IV.

◼ As noted above, Buckland's claim is reviewed for plain error because he did not object to the district court's determination of the drug quantity under the preponderance of the evidence standard. Fed.R.Crim.P. 52(b); *Nordby,* 225 F.3d at 1060. Buckland therefore must establish that there was error, that the error was plain, and that the error affected his substantial rights. *Olano,* 507 U.S. at 732, 113 S.Ct. 1770. Under *Apprendi,* the district court erred by sentencing Buckland on the basis of a drug quantity finding that was not submitted to a jury and established beyond a reasonable doubt,

and the error is plain. *See Nordby,* 225 F.3d at 1060. Because we conclude that §§ 841(b)(1)(A) and (B) are unconstitutional, the maximum sentence that can be imposed on Buckland for possession of an undetermined amount of methamphetamine is 20 years, under § 841(b)(1)(C). Buckland's sentence of 27 years thus affected his substantial rights.[13] Imposing a sentence that is seven years more than the maximum sentence constitutionally permitted under the facts as found by the jury undoubtedly "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[14] *See Nordby,* 225 F.3d at 1061–62.

## V.

◼ Because we conclude that §§ 841(b)(1)(A) and (B) are unconstitutional, we must consider whether they are severable from the remainder of the statute. *Bd. of Natural Res. v. Brown,* 992 F.2d 937, 947 (9th Cir.1993). The first question in the inquiry is whether the statute is "fully operative" after the unconstitutional provisions have been excised. *Id.* at 948. The elimination of §§ 841(b)(1)(A) and (B) " 'in no way alters the substantive reach of the statute and leaves completely unchanged its basic operation' " because a defendant can still be convicted under § 841(a) and sentenced under

---

13. *Nordby* declined to decide which of two approaches should be used to determine whether an *Apprendi* error affected a defendant's substantial rights— weighing the extra sentence imposed upon the defendant, or examining whether a jury would have found the defendant guilty absent the error. *Nordby,* 225 F.3d at 1060. We need not address the issue either because we conclude that, in a case such as this one, where the defendant has been sentenced under an unconstitutional statute, weighing is inappropriate; thus, neither approach applies. Because §§ 841(b)(1)(A) and (B) are facially unconstitutional, *any* sentence over the twenty-year

maximum in § 841(b)(1)(C) affects a defendant's substantial rights.

14. The government argues that the *Apprendi* error did not "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings," *Olano,* 507 U.S. at 732, 113 S.Ct. 1770 (internal quotations omitted), because the 27–year sentence Buckland received could have been achieved by imposing consecutive sentences, regardless of the quantity of drugs. This argument has been rejected by *Apprendi. See* 530 U.S. at 474, 120 S.Ct. 2348 (rejecting the argument that the judge could have imposed consecutive sentences to achieve the same prison term that Apprendi received).

§ 841(b)(1)(C) to a maximum of twenty years' imprisonment, regardless of the amount of a schedule I or II controlled substance he or she possessed. *Id.* (quoting *United States v. Jackson*, 390 U.S. 570, 586, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)). The second question is whether Congress would have enacted the constitutional provisions of the statute independently of the unconstitutional provisions. *Id.* Congress clearly would have enacted the remaining penalty provisions in § 841(b) in order for the sentencing court to sentence a defendant convicted of a violation of § 841(a). Having thus satisfied both inquiries, we conclude that §§ 841(b)(1)(A) and (B) are severable from the remainder of the statute.

## CONCLUSION

The maximum sentence authorized by the jury's verdict for an undetermined amount of methamphetamine was 20 years under § 841(b)(1)(C). Buckland's sentence of 27 years, accordingly, was plain error, and it affected his substantial rights. We thus vacate Buckland's sentence and remand for resentencing under § 841(b)(1)(C).

**VACATED and REMANDED.**

DUPLANTIER, District Judge, Dissenting:

I respectfully dissent. I agree with the reasoning of the Seventh Circuit in *United States v. Brough*, 243 F.3d 1078 (7th Cir. 2001).