UNITED STATES of America Plaintiff

v.

(1) Juan **SANTIAGO–VAZQUEZ** (2) Jose L. **Diaz–Fontanez** a/k/a Fontanez (3) Eric N. **Pacheco–Matos** a/k/a Erica (4) Angel T. **Cortes–Maldonado** a/k/a Tomas (5) Sealed Defendants

No. CR. 97–0071CCC.

United States District Court, D. Puerto Rico.

Jan. 23, 2002.

Guillermo Gil, United States Attorney, Timothy Vasquez, Assistant U.S. Attorney, San Juan, PR, for plaintiff.

Thomas R. Lincoln, San Juan, PR, for defendant.

**ORDER**

CEREZO, District Judge.

Having considered the Motion to Dismiss Indictment on the Ground That 21 U.S.C. Sections 846 and 848 are Unconstitutional on Their Face and as Applied filed by defendants Juan Santiago–Vázquez and José L. Díaz–Fontanez (docket entry 282), the United States' response (docket entry 286), the parties' supplemental memoranda (docket entries 295, 296 & 302); the Report and Recommendation filed by Magistrate Judge Delgado–Colón on November 29, 2001 (docket entry 307), and defendants' Objections to the Magistrate Judge's Report and Recommendation filed on December 26, 2001 (docket entry 314), the Report and Recommendation is APPROVED and ADOPTED. As the Court of Appeals for the Seventh Circuit held in *U.S. v. Brough*, 243 F.3d 1078, 1079–1080 (7th Cir.2001):

> If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden.

> .    .    .    .    .

> [I]f (for example) the indictment specifies that the drug was cocaine or heroin, then any penalty up to 20 years is lawful even if the jury does not find a particular quantity, because 20 years is the maximum under § 841(b)(1)(C) for unlawfully distributing any detectable quantity of any Schedule I or II controlled substance.

Accordingly, the Motion to Dismiss Indictment (docket entry 282) is DENIED.

SO ORDERED.

### MAGISTRATE–JUDGE'S REPORT AND RECOMMENDATION

DELGADO–COLON, United States Magistrate Judge.

Defendants were indicted on April 10, 1997, and charged in a two count indictment (Docket No. 1). Defendants now move to dismiss the indictment on the grounds that 21 U.S.C. §§ 846 and 848 are unconstitutional on their face and as applied (Docket No. 282). The government opposes the motion (Docket No. 286). The defendants and the government have filed supplemental memoranda (Docket Nos. 295, 296, 302). Defendants' motion to dismiss was referred to the undersigned for report and recommendation and a hearing on the motion was held on October 16, 2001 (Docket Nos. 289, 303). At hearing counsel for Santiago–Vázquez requested and was granted additional time to file a supplemental motion. Subsequently, on November 15, 2001, an Order was entered granting Santiago–Vázquez's request for an extension of time up to and including November 20, 2001, to file a supplementary motion in support of his position. On November 20, 2001, a motion to "clarify Matters Previously Submitted..." was filed.

### I. Background

On April 10, 1997, the Grand Jury returned a two count indictment against defendants. Count One charges defendant Juan Santiago–Vázquez with engaging in a continuing criminal enterprise as defined in 21 U.S.C. § 848(c), all in violation of 21 U.S.C. § 848(a) and (b). Count Two charges defendants Juan Santiago–Vázquez and José L. Díaz–Fontanaez with conspiracy to distribute multi-kilogram quantities of controlled substances as prohibited by 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Defendants now argue that the statutes under which they are charged are unconstitutional in light of the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendants therefore ask that the indictment be dismissed.

### II. Analysis

In defendants' motion they assert that the statutes under which they are charged, 21 U.S.C. §§ 846 and 848 do not describe a range of punishment applicable to the offense conduct and as a result, prior to determining the applicable penalty for such offense one must make an additional finding regarding the type and/or quantity of a controlled substance. As a result, defendants assert that in light of *Apprendi*, both 21 U.S.C. § 846 and 848 are unconstitutional on their face and as applied in the present case and must be stricken. At the hearing held on October 16, 2001, defendants gave notice to the Court that the motion to dismiss should be read as only seeking to dismiss Count Two of the Indictment which charges a violation of 21 U.S.C. § 846. Therefore, based upon the defendants' pronouncement at the hearing, it is recommended that any request within defendants' motion to dismiss Count I of the Indictment, charging a violation to 21 U.S.C. § 848, be **DENIED** as **Moot** or considered withdrawn.

In regards to the second prong of defendants' argument, we have that Title 21 U.S.C. § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subjected to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or

conspiracy." In the present case the underlying offense charged is a violation to 21 U.S.C. § 841(a)(1). Title 21 U.S.C. § 841(a)(1), makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...." 21 U.S.C. § 841(a)(1). The penalties applicable for such violations are set forth in section 841(b). The statute provides for increased penalties based on considerations of drug type and quantity. *See United States v. Brough,* 243 F.3d 1078, 1079 (7th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 203, 151 L.Ed.2d 144 (2001); *United States v. Doggett,* 230 F.3d 160, 164 (5th Cir.2000), *cert. denied,* 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1014 (2001); *United States v. Berdecia,* 143 F.Supp.2d 190, 190 (D.P.R.2001).

Before *Apprendi,* and as interpreted by the circuit courts, it was Congress' intent that the prosecution establish to the jury beyond a reasonable doubt the elements outlined in section 841(a). The elements relevant to and determining the penalty provisions outlined in section 841(b), however, would be applied under the less stringent preponderance standard by the sentencing judge. *United States v. Brough,* 243 F.3d at 1079; *see also United States v. Jackson,* 207 F.3d 910, 920 (7th Cir.2000) (describing Congress' intent to have type and quantity of drugs used as sentencing factors by the judge), *cert. granted in part,* 531 U.S. 953, 121 S.Ct. 376, 148 L.Ed.2d 290 (2000), *on remand to* 236 F.3d 886 (7th Cir.2001), *judgment reinstated by* 236 F.3d 886 (7th Cir.2001).

In *Apprendi,* the United States Supreme Court held that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. at 490, 120 S.Ct. 2348; *see also United States v. Mojica–Baez,* 229 F.3d 292, 306 (1st Cir.2000); *Sustache–Rivera v. United States,* 221 F.3d 8, 14–15 (1st Cir.2000), *cert. denied,* 532 U.S. 924, 121 S.Ct. 1364, 149 L.Ed.2d 292 (2001); *United States v. Berdecia,* 143 F.Supp.2d at 191; *United States v. Maldonado,* 124 F.Supp.2d 788, 790 (D.P.R.2000).

Defendants argue that if Congress intended the penalty provisions of § 846 to be considered or treated as sentencing factors and *Apprendi* holds that it is unconstitutional for Congress to have created such a statute, no court can rewrite the statute to save, salvage and apply the provisions in such fashion that are consistent with the United States Constitution. Although defendants challenge the constitutionality of § 846, its penalty provisions are contained in 21 U.S.C. § 841. Defendants note that the statute does not describe the applicable range of punishment but rather one must make an additional finding of the type and/or quantity of controlled substance to determine the applicable penalty for the violation charged. Specifically, defendants argue that the first portion of the statute describes the prohibited acts and the latter portion describes the penalty provisions. As a result defendants argue, both provisions are completely interdependent and cannot be severed from one another, which makes the entire statute unconstitutional.

Defendants, although modifying the circuit panel reasoning, also rely heavily upon a recent Ninth Circuit decision which holds that 21 U.S.C. § 841(b)(1)(A) and (B) are facially unconstitutional under *Apprendi. United States v. Buckland,* 259 F.3d 1157, 1159 (9th Cir.2001). The *Buckland* panel, over dissent, looked at the structure of 21 U.S.C. § 841 and concluded that Congress intended the penalty provisions of § 841(b) that turn on drug quantity to be consid-

ered as sentencing factors and not elements of the offense demanding evidence beyond reasonable doubt and a jury determination. *Buckland*, 259 F.3d at 1165. The Ninth Circuit reasoned that under *Apprendi* the drug quantity must be an element of the § 841 offense because the drug quantity finding exposes a defendant to greater punishment than that authorized by the jury's guilty verdict. *Id.* The differential between the punishment authorized by the jury's verdict and the punishment based on the judge's finding of drug quantity is " 'unquestionably of constitutional significance,' " *id.* (quoting *Apprendi*, 530 U.S. at 495, 120 S.Ct. 2348), and, therefore, the panel was "unable to avoid the conclusion that § 841(b) is unconstitutional." *Id.* The circuit panel went on to conclude that the penalty provision of § 841 was severable from the remainder of the statute and as a result the defendant's § 841(a) conviction stood, with his remedy limited to resentencing according to the lowest applicable statutory maximum, § 841(b)(1)(C). *Id.* at 1168.

While relying upon the *Buckland* decision, the Defendants remain steadfast in their position that portions of the statute cannot be severed and as a result do not agree with the Ninth Circuit's position regarding severability within the statute. Of import is that the Ninth Circuit has ordered that the *Buckland* case be reheard *en banc* and that the three-judge panel opinion shall not be cited as precedent by or to the Ninth Circuit Appellate Court or any district court of the Ninth Circuit, except to the extent adopted by the *en banc* court. *United States v. Buckland*, 265 F.3d 1085 (9th Cir.2001). To date, the Ninth Circuit has not issued its *en banc* decision.

Subsequent to the ruling in *Apprendi*, with the exception of the *Buckland* decision, most defendants raising a constitutional challenge to § 841 have failed. Courts have noted that *Apprendi* does not make § 841 unconstitutional nor does it require the statute's severance. *United States v. James*, 257 F.3d 1173 (10th Cir. 2001); *United States v. Brough*, 243 F.3d 1078 (7th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 203, 151 L.Ed.2d 144 (2001); *United States v. Jackson*, 207 F.3d 910 (7th Cir.2000); *United States v. Berdecía*, 143 F.Supp.2d 190 (D.P.R.2001). Indeed, in *United States v. Brough*, the Seventh Circuit rejected the argument adopted by the Ninth Circuit that *Apprendi* supports the conclusion that § 841 is unconstitutional or requires severance. *United States v. Brough*, 243 F.3d at 1079.

In *United States v. Berdecía*, as in this case the defendant was charged with violating 21 U.S.C. § 841(a)(1). *United States v. Berdecía*, 143 F.Supp.2d at 190. Also as in this case, the defendant argued that § 841 was unconstitutional on its face and, therefore, the indictment should be dismissed. In denying the motion to dismiss the indictment, the *Berdecía* court relied upon and quoted the analysis of *United States v. Brough*:

> [Defendant's] argument is confused. *Apprendi* and *Nance* do not establish that anything in § 841 is unconstitutional or require its severance. If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties, whether

these are divided across multiple subsections (as § 841 does), or even whether they are scattered across multiple statutes (see 18 U.S.C. §§ 924(a), 1963). *Apprendi* holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

*United States v. Berdecia,* 143 F.Supp.2d at 191–192 (quoting *United States v. Brough,* 243 F.3d at 1079); *see also United States v. Candelario,* 240 F.3d 1300, 1311 n. 16 (11th Cir.), *cert. denied,* 533 U.S. 922, 121 S.Ct. 2535, 150 L.Ed.2d 705 (2001); *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir.2000), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2015, 149 L.Ed.2d 1015 (2001).

Based upon the foregoing analysis, the undersigned agrees with the majority of the court and in doing so concludes that there is no merit to defendants' position that 21 U.S.C. § 846 and its penalty provisions contained in § 841 are unconstitutional. Therefore, it is recommended that motion to dismiss Count II of the indictment be **DENIED.**

### III. Conclusion

Based on the foregoing analysis, this Magistrate–Judge **RECOMMENDS** that Motion to Dismiss Count I of the Indictment be **DENIED** as Moot or considered withdrawn and the Motion to Dismiss Count II of the Indictment be **DENIED** (Docket No. 282).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 504.3 of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 510.1, Local Rules of Court; Fed.R.Civ.P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate–Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate–Judge. *Paterson–Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir. 1988).

SO RECOMMENDED.