ON PETITION FOR REHEARING

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

PATRICK FURMAN BROWN,
*Defendant-Appellant.*

No. 99-4943

On Remand from the United States Supreme Court.
(S. Ct. No. 00-6846)

Submitted: June 27, 2002

Decided: August 1, 2002

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew D. Grimes, Summerville, South Carolina, for Appellant.
Scott N. Schools, United States Attorney, William K. Witherspoon,
Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

This case is on remand from the United States Supreme Court for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). A jury convicted Patrick Furman Brown of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994) (Count 1); three counts of distribution and possession with intent to distribute crack, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2002) (Counts 2, 4, and 5); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(West 2000) (Count 3). Brown was sentenced to life imprisonment on the conspiracy count (Count 1); to three concurrent 480-month terms on the distribution counts (Counts 2, 4, and 5); and a consecutive 60-month term on the firearms count (Count 3). The sentencing order was silent as to the guideline application, but the transcript of the sentencing hearing indicates that the district court arrived at the life sentence on the conspiracy count by applying the cross-reference in *U.S. Sentencing Guidelines Manual* § 2D1.1(d)(1) (1998), to the first-degree murder guideline in USSG § 2A1.1. The district court reasoned that the murder occurred during the course of a drug trafficking conspiracy and fell within 18 U.S.C.A. § 1111 (West 2000).[1]

On April 24, 2002, we issued our opinion on remand holding that, based upon *Apprendi* and our decision in *United States v. Cotton*, 261 F.3d 397, 404-05 (4th Cir. 2001), *rev'd*, 122 S. Ct. 1781 (2002),[2] Brown's life sentence was plain error, that the error affected Brown's substantial rights, and that we should recognize the error. *United States v. Brown*, No. 99-4943, 2002 WL 704651, at *3-*4 (4th Cir. Apr. 24, 2002) (unpublished). Thus, we vacated Brown's life sentence

---

[1]The murder guideline, USSG § 2A1.1, sets a base offense level of forty-three, resulting in a presumptive life sentence in all cases. *See* USSG Ch. 5, Pt. A (sentencing table).

[2]The Supreme Court's decision in *Cotton* issued on May 20, 2002.

and remanded for resentencing but affirmed the judgment in all other respects. *Id.* at *4.

After receiving our April 24 decision, Brown filed a timely pro se petition for panel rehearing and rehearing en banc. Brown's counsel has filed a motion to withdraw the petition for rehearing. We deny the motion to withdraw the pro se petition for rehearing, grant the petition for panel rehearing, and deny the petition for rehearing en banc. After reviewing Brown's convictions and sentences for plain error in light of *Apprendi* and the Supreme Court's decision in *Cotton*, we affirm. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review), *cert. denied*, ___ U.S. ___, 2002 WL 1050009 (May 28, 2002) (No. 01-6398); *see United States v. Johnson*, 457 U.S. 537, 562 (1982) (holding that law in effect at time of decision by appellate court is law that should be applied in criminal case on direct appeal).

Brown argues four issues on remand. First, he argues that § 841 is unconstitutional after *Apprendi*. The case on which Brown relies for support was vacated and the Ninth Circuit, sitting *en banc*, concluded that § 841 was not facially unconstitutional. *United States v. Buckland*, 259 F.3d 1157, 1159 (9th Cir. 2001), *rev'd on reh'g en banc*, 277 F.3d 1173 (9th Cir.), *amended by* 289 F.3d 558 (9th Cir.), *cert. denied*, ___ U.S. ___, 2002 WL 764233 (May 28, 2002) (No. 01-9813). Moreover, we recently held that "§ 841 is not facially unconstitutional." *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001). We hold that Brown is not entitled to relief on this claim.

Second, Brown challenges the district court's jurisdiction as to Counts 2, 4, and 5. He contends that, in light of *Apprendi*, the indictment is defective because it failed to charge the quantity of crack cocaine as an element of the offense in Counts 2, 4, and 5, thereby depriving the district court of jurisdiction. We hold that the indictment properly charged the offenses for which Brown was convicted. *See Promise*, 255 F.3d at 160 (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base"). There is no constitutional or like rule forbidding Congress from making unlawful the possession or distribution of a controlled substance without reference to quantity.

Third, Brown contends that his life and concurrent forty-year sentences are invalid after *Apprendi*.[3] In *Promise*, we applied *Apprendi* to drug offenses in §§ 841 and 846 and held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Id.* at 156-57 (footnotes omitted). Here, drug quantity was not charged in the indictment or submitted to the jury.

Brown received a life sentence on Count 1. The district court applied the murder cross-reference in USSG § 2A1.1, which sets a base offense level of forty-three, resulting in a presumptive life sentence in all cases. Because the murder occurred during the course of the conspiracy, the district court properly included the murder as relevant conduct. Relying on drug quantity in the presentence report, the district court, however, improperly assumed that the maximum sentence under § 846 was life imprisonment. Under *Apprendi*, since drug quantity was not included in the indictment, the maximum sentence for Count 1 is twenty years under § 841(b)(1)(C).[4] *Promise*, 255 F.3d at 156-57; *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied*, 122 S. Ct. 309 (2001). The maximum sentence for Counts 2, 4, and 5 also is twenty years.

Where a defendant—like Brown—is convicted of multiple counts, USSG § 5G1.2(d) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total

---

[3]Brown urges us to reconsider our decision in *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000) (holding that *Apprendi* does not apply to judge's exercise of sentencing discretion within statutory range, so long as defendant's sentence is not set beyond maximum term specified in substantive statute), *cert. denied*, 532 U.S. 937 (2001). We decline to do so. *See Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir.) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court[;] [o]nly the Supreme Court or this court sitting *en banc* can do that"), *cert. denied*, 122 S. Ct. 349 (2001).

[4]Section 846 requires the same penalty as that prescribed for the underlying offense, the commission of which was the object of the conspiracy. Since no drug amount was alleged in the indictment or presented to the jury for any count, the maximum allowable sentence is twenty years.

punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Under the sentencing guidelines, the four twenty-year terms and one five-year must be imposed consecutively for a total of eighty-five years. Thus, since drug quantity was not charged in the indictment, the maximum prison term for Brown's multiple convictions is eighty-five years. *Angle*, 514 F.3d at 518-19; *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, 532 U.S. 1074 (2001).

Imposing a life sentence on the conspiracy count by using the murder cross-reference violated the guidelines, which state: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline range." USSG § 5G1.1(a).[5] We therefore find that there is error and that the error is plain. *Cotton*, 122 S. Ct. at 1785; *Promise*, 255 F.3d at 156-57, 160. We also hold that, because Brown's life sentence exceeds the total statutory maximum prison term of eighty-five years for multiple convictions involving an unspecified amount of drugs, the error in Brown's life sentence affects his substantial rights.[6] *Angle*, 254 F.3d at 518-19; *White*, 238 F.3d at 542-43. However, we decline to exercise our discretion to notice the error in Brown's life sentence because the error "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings" where, as here, the evidence was "overwhelming" and "essentially uncontroverted" that the conspiracy involved a threshold drug quantity sufficient to support an enhanced sentence under 21

---

[5]We agree with the Seventh Circuit which recently addressed this guideline provision in *United States v. Westmoreland*, 240 F.3d 618 (7th Cir. 2001). The court stated, "it is not possible to apply the cross-reference in a manner that produces a sentence greater than the statutory maximum applicable to the charged crime . . . . Therefore, even though the murder cross-reference will always allow for a life sentence, the Guidelines require that the cross-reference only increase the defendant's sentence at most to the statutory maximum associated with the charge on which the defendant was convicted." *Id.* at 636.

[6]With regard to Brown's concurrent forty-year sentences on Counts 2, 4, and 5, we find that Brown's substantial rights are not affected because these sentences are less than the eighty-five-year statutory maximum.

U.S.C. § 841(b)(1)(A). *Cotton*, 122 S. Ct. at 1786; *see also Johnson v. United States*, 520 U.S. 461, 470 (1997) (declining to notice error where evidence as to element not submitted to jury was overwhelming and essentially uncontroverted).

Accordingly, we affirm Brown's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*