Panel rehearing granted and
en banc rehearing denied by
opinion filed 8/1/02

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                            No. 99-4943

PATRICK FURMAN BROWN,
    *Defendant-Appellant.*

On Remand from the United States Supreme Court.
(S. Ct. No. 00-6846)

Submitted: November 14, 2001

Decided: April 24, 2002

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

## COUNSEL

Andrew D. Grimes, Summerville, South Carolina, for Appellant. Scott N. Schools, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Brown was convicted in a trial by jury of conspiracy to distribute and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1); three counts of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 (Counts 2, 4, and 5); and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). The indictment did not charge, and the jury was not instructed, as to specific drug quantities in Counts 1, 2, 4 or 5. On December 23, 1999, Brown was sentenced to life imprisonment on the conspiracy count (Count 1); to three concurrent 480 month terms on the distribution counts (Counts 2, 4, and 5); and a consecutive 60 month term on the firearms count (Count 3). The sentencing order was silent as to the guideline application but the transcript of the sentencing hearing indicates that the life sentence on the conspiracy count was arrived at by the cross-reference in Sentencing Guideline § 2D1.1(d)(1) to the first degree murder guideline in Guideline § 2A1.1, reasoning that the murder occurred during the course of a drug trafficking conspiracy and fell within 18 U.S.C. § 1111. On appeal to this court, the only question in the brief was this:

> WHETHER THE DISTRICT COURT ABUSED ITS DIS-
> CRETION IN APPLYING THE CROSS-REFERENCE IN
> FINDING PATRICK FURMAN BROWN COMMITTED
> FIRST DEGREE MURDER.
>
> a.  GUIDELINES, CROSS-REFERENCE
> AND FEDERAL MURDER STATUTES.
>
> b.  FIRST DEGREE MURDER REQUIRE-
> MENTS.
>
> c.  DISCUSSION OF ISSUES.

Brief, p. 2.

2

Under the discussion of issues section, the brief describes Brown's position as follows:

> The sole issue Mr. Brown is raising on appeal is whether there is sufficient evidence of premeditation to support the lower court's finding that a first degree murder occurred in order to apply the cross reference.

Brief, p. 9.

On July 27, 2000, we affirmed in an unpublished opinion, *United States v. Brown*, No. 99-4943, 225 F.3d 655 (table), and decided only the issue of the imposition of the life sentence.[1] Brown's petition for certiorari to the Supreme Court raised two issues:

> Whether in light of *Apprendi vs. New Jersey*, 530 U.S. ___, No. 99-478, 2000 W.L. 807189 (June 26, 2000) the United States District Court for the District of South Carolina erred in holding that drug amounts set forth in 21 U.S.C. 841(b) are a sentencing factor rather than an element of the offense.

> Whether in light of *Apprendi vs. New Jersey*, 530 U.S. ___, No. 99-478, 2000 W.L. 807189 (June 26, 2000) the United States District Court for the District of South Carolina erred in finding that Patrick Furman Brown committed first degree murder and that the murder was related to the drug conspiracy in applying the cross-reference.

The Supreme Court then, in the case at hand, entered its order of February 20, 2001, 531 U.S. 1136, as follows:

> No. 00-6846. *Brown v. United States*. C.A. 4th Cir. Motion of petitioner for leave to proceed *in forma pauperis* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Apprendi v.*

_____

[1] ***Apprendi v. New Jersey*** was decided on June 26, 2000. 530 U.S. 466 (2000).

*New Jersey*, 530 U.S. 466 (2000). Reported below: 225 F.3d 655.

Although the only question raised on appeal to us was whether or not there was sufficient evidence of premeditation to support the finding of the district court that a first degree murder had occurred in order to apply the cross-reference to first degree murder under the Sentencing Guidelines, we are of opinion that on the facts of this case as related above, *Apprendi* having been decided on June 26, 2000 and the *Apprendi* mandate having issued on July 26, 2000, between the sentencing by the district court on December 23, 1999, and our decision on July 27, 2000, the case should have been remanded by us for resentencing in the light of *Apprendi* under such decisions as *United States v. Johnson*, 457 U.S. 537, 562 (1982), which held that the law in effect at the time of a decision by an appellate court is the law which should be applied by that court in a criminal case on direct appeal.

We required supplemental briefing in view of *Apprendi*, which raised the issues discussed below. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." After reviewing Brown's convictions and sentences for plain error in light of *Apprendi*, we affirm in part, vacate in part, and remand for resentencing. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (*en banc*) (discussing plain error standard of review), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

Brown argues four issues on remand. First, Brown argues on remand that § 841 is unconstitutional after *Apprendi*. The case on which he relies for support was vacated and the Ninth Circuit, sitting *en banc*, concluded that § 841 was not facially unconstitutional. *See United States v. Buckland*, 259 F.3d 1157 (9th Cir.), *reh'g en banc granted*, 265 F.3d 1085 (9th Cir. 2001), *en banc*, 277 F.3d 1173 (9th Cir. 2002). Moreover, we recently held that #7F8E # 841 is not facially unconstitutional." *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001). We hold that Brown is not entitled to relief on this claim.

Second, Brown challenges the district court's jurisdiction as to Counts 2, 4, and 5. He contends that, in light of *Apprendi*, the indict-

ment is defective because it failed to charge the quantity of crack cocaine as an element of the offense in Counts 2, 4, and 5, thereby depriving the district court of jurisdiction. We hold that the indictment properly charged the offenses for which Brown was convicted. *See Promise*, 255 F.3d at 160 (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base"). There is no constitutional or like rule forbidding Congress from making unlawful the possession or distribution of a controlled substance without reference to quantity.

Third, he contends that his life and concurrent forty-year sentences are invalid after *Apprendi*.[2] In *Promise*, we applied *Apprendi* to drug offenses in §§ 841 and 846 and held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Id.* at 156-57 (footnotes omitted). Here, drug quantity was not charged in the indictment or submitted to the jury.

Brown received a life sentence on Count 1. The district court applied the murder cross-reference under USSG § 2A1.1, which sets a base offense level of 43, resulting in a presumptive life sentence in all cases.[3] The court then sentenced Brown to three 480-month concurrent sentences for Counts 2, 4, and 5. Brown also received a consecutive five-year sentence on Count 3.

Because the murder occurred during the course of the conspiracy,

_____

[2] Brown urges us to reconsider our decision in *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000) (holding that *Apprendi* does not apply to judge's exercise of sentencing discretion within statutory range, so long as defendant's sentence is not set beyond maximum term specified in substantive statute), *cert. denied*, 121 S. Ct. 1393 (2001). We decline to do so because "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court[;] [o]nly the Supreme Court or this court sitting *en banc* can do that." *Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir.), *cert. denied*, 122 S. Ct. 349 (2001).

[3] The sentencing guideline sentencing table provides that a base level offense of 43 carries life imprisonment. USSG Ch. 5, Pt. A (sentencing table).

the district court properly included the murder as relevant conduct. Relying on drug quantity in the pre-sentence report, the district court, however, improperly assumed that the maximum sentence under § 846 was life imprisonment. Under *Apprendi*, since drug quantity was not included in the indictment, the maximum sentence for Count 1 is 20 years.[4] Imposing a life sentence by using the murder cross-reference violated the guidelines, which state: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline range." USSG § 5G1.1(a).[5] We therefore find that there is error and that the error is plain. *Promise*, 255 F.3d at 156-57, 160.

As to Counts 2, 4, and 5, the district court sentenced Brown to three 40 year sentences, running concurrently with his life sentence. No drug quantity was charged, therefore, the maximum sentence for Counts 2, 4, and 5, like Count 1, is 20 years. 21 U.S.C. § 841(b)(1)(C). *United States v. Angle*, 254 F.3d 514 (4th Cir. 2000) (en banc), *cert. denied*, 122 S.Ct. 309 (2001). Since drug quantity was not charged in the indictment, the maximum prison term for his multiple convictions is 85 years. Count 1, 2, 4, and 5 each carry a 20-year sentence. Count 3 carries a five-year term. USSG§5G1.2(d) states: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the

_____

[4] 21 U.S.C. § 846 requires the same penalty as that prescribed for the underlying offense, the commission of which was the object of the conspiracy. Since no drug amount was alleged in the indictment or presented to the jury for any count, the maximum allowable sentence is 20 years.

[5] We agree with the Seventh Circuit which recently addressed this guideline provision in *United States v. Westmoreland*, 240 F.3d 618, 636 (7th Cir. 2001). The court stated, "it is not possible to apply the cross-reference in a manner that produces a sentence greater than the statutory maximum applicable to the charged crime . . . . Therefore, even though the murder cross-reference will always allow for a life sentence, the Guidelines require that the cross-reference only increase the defendant's sentence at most to the statutory maximum associated with the charge on which the defendant was convicted." 240 F.3d at 636.

total punishment." Under the sentencing guidelines, the four 20-year terms and one five-year must be imposed consecutively for a total of 85 years.

Because Brown's life sentence exceeds the total statutory maximum prison term of 85 years for multiple convictions involving an unspecified amount of drugs, we hold that the error in Brown's life sentence affects his substantial rights. *United States v. Angle*, 254 F.3d 514, 518-19 (4th Cir.) (en banc), *cert. denied*, 122 S. Ct. 309 (2001); *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, 121 S. Ct. 2235 (2001). Thus, Brown "can demonstrate that [his] sentence is `longer than that to which he would otherwise be subject.'" *United States v. Cotton*, 261 F.3d 397, 403 (4th Cir. 2001) (quoting *Angle*, 254 F.3d at 518), *petition for cert. filed*, Oct. 31, 2001; *cf. United States v. Roberts*, 262 F.3d 286, 292 (4th Cir. 2001) (holding that defendants' substantial rights not affected where sentencing guidelines stacking rules required imposition of consecutive sentences totaling 240 years for one defendant and 380 years for the other).

Having concluded that there is plain error affecting Brown's substantial rights, we exercise our discretion to notice the error. *Cotton*, 261 F.3d at 404-05.

Accordingly, we vacate Brown's life sentence and remand for resentencing consistent with USSG §§ 5G1.1(a), 5G1.2(d) and *White*, 238 F.3d at 543. We affirm the judgment of conviction in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

7