UNITED STATES of America,
Plaintiff–Appellee,

v.

Heriberto VILLA–GONZALES,
Defendant–Appellant.

No. 00–10279.
D.C. No. CR–99–00086–HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Jan. 29, 2002.

Before HAWKINS, TASHIMA, Circuit Judges, and WILKEN,* District Judge.

## MEMORANDUM **

■ The district court properly denied Villa–Gonzales' motion to suppress. The initial automobile stop was proper because the officer had probable cause to believe a traffic violation had occurred. *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). The continued detention of the vehicle and occupants after issuing the citation was also reasonable. Unlike *United States v. Chavez–Valenzuela*, 268 F.3d 719, 724–25 (9th Cir.2001), in which mere nervousness did not justify extended detention and questioning, in this case the driver and occupants were not only nervous, but the driver lacked a license and the car occupants (while giving different reasons for the trip) all indicated they had driven from Minnesota to California to stay for only one hour. Such a short turnaround after such a long trip was certainly suspicious. *See United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001).

■ Nor did the district court clearly err in determining that the car's owner voluntarily consented to a search of the vehicle. Although the owner was not told he had a right not to consent, nothing suggests the officers exerted any overt or implicit coercion on the owner. The occupants were not under arrest, Officer Greb had returned all the licenses and other documents so the occupants were free to leave, and the officers had not drawn weapons. *See United States v. Perez*, 37 F.3d 510, 515 (9th Cir.1994) (citing *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1988)). Although Officer Greb was not fluent in Spanish, he was able to converse with the occupants in a combination of English and Spanish and their answers were responsive to his questions. Upon asking in Spanish if he could search the car, the owner answered "si" and gestured toward the vehicle. Officer Greb then repeated the exchange in the presence of another officer, who also testified at the suppression hearing. At no time during the search did the owner indicate he wanted the search stopped. *United States v. Cannon*, 29 F.3d 472, 477 (9th Cir.1994). Under the totality of the circumstances, it was not clear error for the district court to find consent to the search was given voluntarily.

■ Moreover, even if there had been no consent to search the vehicle, the officer used his certified narcotics detection canine to sniff the outside of the vehicle first. The dog's sniff is not considered a search under the Fourth Amendment. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir.1985). Once the dog alerted to the presence of narcotics in the front wheel-wells, probable cause existed to believe those areas contained illegal drugs. *United States v. Garcia*, 205 F.3d 1182, 1187 (9th Cir.2000). The district court thus properly concluded that there was probable cause for the search.

---

\* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Villa–Gonzales also objects to his sentence as unconstitutional under *United States v. Buckland*, 259 F.3d 1157 (9th Cir.), *reh'g. en banc granted*, 265 F.3d 1085 (2001)(holding 21 U.S.C. § 841(b)(1)(A) & (B) unconstitutional), and contends he should be resentenced under 21 U.S.C. § 841(b)(1)(C). Even if we assume *Buckland* will remain the law of this circuit, any error would be harmless, as Villa–Gonzales' sentence of 72 months is already well below the 20 year statutory maximum of Section 841(b)(1)(C). *See United States v. Garcia–Guizar*, 234 F.3d 483, 488 (9th Cir.2000).

AFFIRMED.