**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Anthony DONOFRIO,
Defendant–Appellant.**

**No. 00–50710.
D.C. No. CR–00–01612–IEG.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

882

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

### MEMORANDUM **

Michael Anthony Donofrio appeals his guilty-plea conviction and 24–month sentence for one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Donofrio first contends that 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Nordby,* 225 F.3d 1053, 1058–59 (9th Cir.2000), *overruled in part by United States v. Buckland,* 289 F.3d 558, 564 (9th Cir.) (en banc) (overruling *Nordby*'s conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence), *cert. denied,* 2002 WL 764233 (U.S. May 28, 2002). This contention is foreclosed by our decision *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002).

Donofrio's second contention is that even if § 960 is constitutional, the mens rea requirement applies to drug quantity and type. This contention is foreclosed by our decision in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002).

AFFIRMED.[1]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Donofrio's motion to file supplemental briefing on the application of *United States v. Buckland,* 259 F.3d 1157, (9th Cir.2001), *superceded by,* 289 F.3d 558 (9th Cir.2002) (en banc), *cert. denied,* 2002 WL 764233 (U.S. May 28, 2002), is denied as moot.