UNITED STATES of America, Plaintiff—Appellee,

v.

Jose Bernardo CUBIAS, Defendant—Appellant.

UNITED STATES of America, Plaintiff—Appellant,

v.

Jose Bernardo CUBIAS, Defendant—Appellee.

Nos. 01–30341, 02–30031.

D.C. No. 00–00475–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 23, 2002.

Before FERGUSON, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Jose Bernardo Cubias appeals his jury trial conviction and nine-year sentence for conspiracy to distribute heroin and distribution of heroin on evidentiary and due process grounds. The government cross-appeals the defendant's sentence, arguing that the district court erred in refusing to apply the statutory 10-year minimum sentence and a two-level enhancement for obstruction of justice. Because the parties are familiar with the facts, we recite only those facts necessary to explain our disposition. For the reasons set forth below, we affirm the defendant's conviction, va-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

cate his sentence and remand to the district court for resentencing in conformity with *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc).

## Evidentiary Claims

■ *DEA Agent's Hearsay About Cubias' Prior Trafficking:* The DEA agent testified that "our investigation revealed that Mr. Cubias was involved in the trafficking of narcotics prior to the [confidential informant Vela] making any controlled purchases." Cubias argues that this testimony was impermissible hearsay, that it prejudiced the guilt phase of the trial and, specifically, the jury's special finding that more than one kilogram of heroin was involved in the conspiracy. The government concedes that the testimony was improper hearsay but argues that it was harmless error. We agree.

The record contained abundant evidence of Cubias' drug trafficking. According to the government's confidential informant, Cubias offered to sell him as much heroin as he needed. The evidence further showed that Cubias was selling heroin to others, including Mario Merida Diaz, Ramon "Chilindrino" Nava–Banuelos and Gonzalo Banuelos–Hernandez. Although the three heroin transactions for which he was found guilty involved a total of only 150 grams of heroin, there was evidence before the jury that Cubias at one time had 1300 pieces, or 32.5 kilos, of heroin in his possession for distribution.

■ *Cubias' Cocaine Use:* CI Vela testified that Cubias snorted cocaine during one of their meetings. Cubias argues that the testimony was impermissible under Federal Rule of Evidence 404(b) and highly prejudicial. The government argues that the testimony was exempt from Rule

of this circuit except as provided by Ninth Circuit Rule 36–3.

404(b) because it was "inextricably intertwined" with the conduct alleged in the indictment, and that even if the testimony was inadmissible, the error was harmless. We agree with Cubias that the testimony was impermissible under 404(b), but hold that it was harmless error.

Evidence of Cubias' cocaine use was neither part of the evidence of the conspiracy nor necessary for the prosecutor to explain the conspiracy coherently. *See United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012–13 (9th Cir.1995). Cubias has failed to show, however, that he suffered any prejudice. The evidence of cocaine use was a relatively insignificant part of the government's case and the evidence against Cubias was strong if not overwhelming.

*Voice Identification Testimony:* Cubias challenges the district court's decision to allow two witnesses, David Keenan and Christian Leiva, to identify a tape recorded voice as his.

■ Under Rule 901(b)(5) of the Federal Rules of Evidence, "[l]ay opinion . . . is permissible so long as the witness testifying has [the] requisite familiarity with the speaker." *United States v. Thomas*, 586 F.2d 123, 133 (9th Cir.1978). Although Keenan's testimony was inadmissible because he did not establish his familiarity with Cubias, we are satisfied that the error was harmless. There was other circumstantial and direct evidence indicating that the voice on the tapes was that of Cubias. Leiva's testimony was admissible because he had listened to Cubias in person and thus had the necessary familiarity to identify his voice on the tapes.

■ *Vouching:* Cubias challenges the court's decision to allow a DEA agent to testify that CI Vela followed the instructions given to him by the government. As a general rule, a prosecutor may not vouch for the credibility of government witnesses by "either placing the prestige of the government behind the witnesses through personal assurances of their veracity or suggesting that information not presented to the jury supports the witnesses' testimony." *United States v. Molina*, 934 F.2d 1440, 1444—45 (9th Cir.1991). We are satisfied that the DEA agent's testimony did not amount to either kind of impermissible vouching.

■ *Alleged Co–Conspirator Testimony:* Cubias argues that it was error for the court to admit hearsay testimony by CI Vela about the statements of alleged co-conspirators Eziqiuel, Mario and Kilder. The government responds that the statements were admissible under the co-conspirator exception to the hearsay rule. *See* Fed.R.Evid. 801(d)(2)(E). We are satisfied that the district court had a sufficient factual basis upon which to find that all three men were co-conspirators and that it did not abuse its discretion in admitting the testimony.

Vela's testimony indicates that Eziquiel was aware of the narcotics transactions going on at El Caribe, knew where the narcotics were concealed and helped the defendant to communicate with narcotics customers. A government witness testified that Mario was distributing heroin in the Puget Sound area, that he had purchased heroin from the defendant and from an undercover government agent in the past and that he and Kilder tried to buy heroin from Cubias.

### Brady *Claim*

■ Cubias claims that the government violated his due process rights by failing to disclose *Brady* material at trial, because a DEA agent withheld impeachment evidence by failing to disclose on the stand the amounts of the government's payments to its key witness, CI Vela. We find no

merit in this claim because Cubias has failed to show any prejudice. There was ample evidence in the record that Vela was being reimbursed by the government for rent and other living expenses.

Ten–Year Mandatory Minimum Sentence

On cross-appeal, the government challenges the district court's decision not to impose the 10–year mandatory minimum sentence required under 21 U.S.C. § 841(b)(1)(A). In declining to impose the 10–year minimum, the district court relied on the three-judge panel decision in *United States v. Buckland*, 259 F.3d 1157 (9th Cir.2001), which an en banc panel subsequently reversed. *Buckland*, 289 F.3d 558, 565 (9th Cir.2002) (en banc). We therefore vacate Cubias' sentence and remand to the district court for resentencing in conformity with the en banc decision.

Obstruction of Justice Enhancement

■ The government also cross-appeals the district court's decision not to impose an enhancement for obstruction of justice. Under § 3C1.1, a district court must impose a two-level enhancement on a defendant whom the court finds committed perjury at trial. *United States v. Dunnigan*, 507 U.S. 87, 93—95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); U.S.S.G. § 3C1.1, cmt. n. 4. The district court did not make a factual finding of perjury and refused to apply the enhancement because an unjustifiable sentencing disparity would otherwise result. Although the district court's ruling on the obstruction enhancement was not clearly explained by factual findings, it is evident that the court effectively decided to offset any obstruction enhancement with a downward departure for sentencing disparity—mooting the significance of any error in failing to make explicit findings on

obstruction. We therefore reject the government's cross-appeal.

We AFFIRM Cubias' conviction but VACATE his sentence and REMAND for resentencing.