[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12715
Non-Argument Calendar

_____

D. C. Docket No. 03-00073-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY MCKINNIES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 8, 2006)**

Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

Gregory McKinnies appeals his conviction for conspiracy to distribute

cocaine base (crack), in violation of 21 U.S.C. § 846, arguing that: (1) he suffered reversible error as a result of the district court admitting into evidence his co-conspirator's statement to a non-co-conspirator; and (2) 21 U.S.C. §§ 841 and 846 are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny.

## I.  Admission of Co-Conspirator's Statement

McKinnies argues on appeal that the district court erred in admitting into evidence co-conspirator Aaron Bostic's (Aaron's) statement to non-co-conspirator Erica Young, because it was allegedly not made in furtherance of the conspiracy. Aaron's statement was: "Yeah 'cause luckily that thing is I guess they didn't find it you know what I'm talking about?"

We review the district court's evidentiary rulings for a "clear abuse of discretion."  United States v. Tinoco, 304 F.3d 1088, 1119 (11th Cir. 2002).  There is no reversible error where the disputed evidence established the same facts from testimony already properly admitted into the record.  See United States v. Hock, 995 F.2d 195, 197 (11th Cir. 1993).

Further, we review the district court's factual finding that a statement was made in furtherance of a conspiracy under the clearly erroneous standard.  United States v. Tokars, 95 F.3d 1520, 1538 (11th Cir. 1996).  A district court's factual

2

finding that a statement was made in furtherance of the conspiracy is clearly erroneous if, after reviewing the record, we are "left with a definite and firm conviction that a mistake has been committed." United States v. Van Hemelryck, 945 F.2d 1493, 1498 n.3 (11th Cir. 1991) (internal quotations and citation omitted). Although otherwise inadmissible as hearsay, a statement by a co-conspirator is admissible if the government proves, by a preponderance of the evidence, that the statement was made during the course of, and in furtherance of, the conspiracy. Fed.R.Evid. 801(d)(2)(E); Van Hemelryck, 945 F.2d at 1497-98.

The district court did not clearly err in finding that Aaron's statement to Young was made in furtherance of the conspiracy because Aaron testified that the statement was about the crack that he had loaned, or "fronted," McKinnies. See Tinoco, 304 F.3d at 1119; Van Hemelryck, 945 F.2d at 1497-98. Additionally, the statement was merely cumulative of other evidence establishing that McKinnies had kept the crack in his impounded rental car, as Aaron testified about two conversations that he had with McKinnies in which McKinnies told him that the police had not found the crack in the impounded car. See Hock, 995 F.2d at 197. Accordingly, the district court's admission of this statement was not an abuse of discretion constituting reversible error.

## II. Constitutionality of §§ 841 and 846

3

McKinnies further argues that we erred, in United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001) (en banc), in holding that § 841(b) is not facially unconstitutional in light of Apprendi and its progeny. He urges us, instead, to adopt the Ninth Circuit's reasoning in United States v. Buckland, 259 F.3d 1157, 1163-68 (9th Cir. 2001), reversed, 289 F.3d 558 (9th Cir. 2002) (en banc), and asserts that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), strengthens his argument.

We typically review constitutional issues de novo, but where, as here, the defendant failed to raise his constitutional claim in the district court, we have discretion whether to address the issue. See United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), cert. denied, 125 S.Ct. 1751 (2005). A prior panel decision is binding precedent that only can be overturned by our Court sitting en banc. Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003).

In Apprendi, the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. In Sanchez, we limited the scope of Apprendi to when judge-decided facts increase a sentence above the statutory maximum, stating that "§ 841 is impacted by Apprendi but only to the limited extent that judge-decided facts

4

actually increase a defendant's sentence above the prescribed statutory maximum." See Sanchez, 269 F.3d at 1268. We also relied on Sanchez to reject a facial challenge to 21 U.S.C. § 960 in United States v. Tinoco, 304 F.3d 1088, 1098-99 (11th Cir. 2002).

We reject McKinnies's request to declare §§ 841 and 846 unconstitutional. First, McKinnies's sentence was imposed based upon the jury's finding that he conspired with intent to distribute 50 grams or more of crack. Second, Sanchez and Tinoco–our prior decisions that §§ 841 and 960 are constitutional after Apprendi–are binding precedent. See Morrison, 323 F.3d at 929. For all of these reasons, McKinnies's argument that §§ 841 and 846 are unconstitutional must fail.

Upon review of the record and upon consideration of both parties' briefs, we find no reversible error.

**AFFIRMED**.