[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10216
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00274-AKK-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALCOM MUHAMMAD FOMBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 23, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Malcolm Fomby appeals his conviction for possession of a firearm by a convicted felon.  Fomby contends insufficient evidence existed to support the jury's verdict.  He also asserts the district court violated his right to a complete defense by excluding the testimony of his sister for failing to obey the district court's sequestration order and by refusing to grant him a one-day continuance to obtain an absent witness.[1]  After review, we affirm Fomby's conviction.

## I.

Fomby first contends insufficient evidence existed to support the jury verdict.  We review *de novo* challenges to the sufficiency of the evidence to support a conviction, viewing the evidence and all reasonable inferences in the light most favorable to the government.  *United States v. Baldwin*, 774 F.3d 711, 721 (11th Cir. 2014).  The evidence presented will be found to be sufficient if a reasonable trier of fact could find that it established the defendant's guilt beyond a

---

[1] Fomby cursorily raises two additional issues in his brief, which we deem waived.  First, Fomby states in the "Summary of the Argument" section the district court erred in admitting a photo of the firearm in question beside a scale.  Second, Fomby states in the "Statement of the Issues" and "Summary of the Argument" sections he was erroneously prohibited from showing photographs of a separate bed at 501 Milton Street where he slept.  Neither argument is included in the "Argument" section of his brief or includes citations to relevant legal authority.  Moreover, his brief does not connect the law cited to the exclusion of the picture of his bed.  Because he has not elaborated on the merits of these arguments, they are considered waived.  *See* Fed. R. App. P. 28(a)(8); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) ("Although [the appellant] refers to the district court's dismissal of its amendment in its Statement of the Case in its initial brief, it elaborates no arguments on the merits as to this issue in its initial or reply brief.  Accordingly, the issue is deemed waived.").

reasonable doubt. *United States v. Calhoon*, 97 F.3d 518, 523 (11th Cir. 1996).

Accordingly, it is not enough for a defendant to put forth a reasonable hypothesis

of innocence, as the issue is not whether a reasonable jury could have acquitted but

whether a reasonable jury could have found the defendant guilty. *See United*

*States v. Mieres-Borges*, 919 F.2d 652, 656 (11th Cir. 1990).

Conviction under § 922(g)(1) requires that a jury find: (1) that a defendant

was a convicted felon, (2) that he was in knowing possession of a firearm, and

(3) that the firearm was in or affecting interstate commerce. *United States v.*

*Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). Possession of a firearm can

be proven through either actual or constructive possession. *United States v.*

*Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996). Constructive possession of a firearm

is shown if the government proves, either through direct or circumstantial

evidence, that the defendant: (1) knew or was aware of the firearm's presence and

(2) "had the ability and intent to later exercise dominion and control" over the

firearm. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011).

The evidence presented at trial and reasonable inferences drawn from it

support the jury verdict. *See United States v. Mendez*, 528 F.3d 811, 814 (11th Cir.

2008) (stating if the government relied on circumstantial evidence, "reasonable

inferences, not mere speculation, must support the conviction"). Because Fomby

stipulated to the other elements of § 922(g)(1), the sole issue at trial was whether

Fomby was in knowing possession of the firearm found in the bedpost of 501 Milton Street. *See Deleveaux*, 205 F.3d at 1296-97. The evidence presented at trial demonstrated that Fomby had lived at 501 Milton Street for a couple of years prior to the execution of the search warrant, that he sometimes paid the utility bills during that period, that he was staying alone at the home the night before the warrant was executed, and that he was not home when the police executed the search warrant but his car was in the driveway. Two police officers testified that only one bedroom in the house had a bed in it. The bedroom with the bed in it also contained a dresser, which had a utility bill addressed to Fomby on top of it. The firearm was found hidden in the bedpost.

These facts alone are sufficient to establish that Fomby knew of the firearm's presence and had the ability and intent to later exercise dominion and control over it. *Perez*, 661 F.3d at 576; *United States v. Harris*, 20 F.3d 445, 454 (11th Cir. 1994) (noting unrestricted access to a home allows the reasonable inference of constructive possession of items in that home). Because the jury necessarily rejected Fomby's testimony, that testimony can qualify as additional substantive evidence against him. *See United States v. Hughes*, 840 F.3d 1368, 1385 (11th Cir. 2016) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt."). This testimony has special force because Fomby's knowledge regarding the firearm was

4

a "highly subjective" element and other evidence corroborated his guilt, including

the fact that he lived at 501 Milton Street occasionally for several years. *See*

*United States v. Brown*, 53 F.3d 312, 314-15 (11th Cir. 1995) (stating at least

where some other corroborative evidence of guilt exists, the rule that a defendant's

testimony may be considered substantive evidence of guilt applies with special

force when highly subjective elements of a crime, such as intent or knowledge, are

involved).

## II.

Fomby also asserts the district court violated his right to a complete defense

by excluding the testimony of his sister, Theresa Good, for failing to obey the

district court's sequestration order.  We engage in a two-step analysis when

assessing a defendant's claims under the Fifth and Sixth Amendments to call

witnesses in his defense.  *United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir.

2004).  First, we examine whether the right in question was actually violated. *Id.*

Second, we look to whether the error was harmless beyond a reasonable doubt. *Id.*

at 1362-63.  Error is constitutionally harmful if it substantially influences or

injuriously affects the jury's verdict.  *De Lisi v. Crosby*, 402 F.3d 1294, 1301 (11th

Cir. 2005).  Trial errors can be assessed in the context of the other evidence

presented.  *Id*.  In the presence of other supporting evidence, the exclusion of

additional, cumulative evidence that only corroborates that evidence is harmless error. *United States v. Hock*, 995 F.2d 195, 197 (11th Cir. 1993).

Any potential error in excluding Good's testimony was harmless beyond a reasonable doubt. Fomby asserts only that Good would have testified to Fomby and his father's relationships to the house and the bed. Because Fomby and his mother already testified on those subjects, Good's testimony would have been cumulative. The exclusion of Good's testimony was therefore harmless error. *Hock*, 995 F.2d at 197.

### III.

Finally, Fomby asserts the district court violated his right to present a complete defense by refusing to grant him a one-day continuance to obtain an absent witness. We consider the following factors when evaluating a claim of error in the denial of a continuance to obtain a witness: (1) the diligence of the defense in interviewing the witness and procuring her presence, (2) the probability of obtaining the testimony within a reasonable time, (3) the amount of specificity with which the defense could describe the witness's expected testimony, and (4) how favorable the testimony was expected to be for the defendant and how unique or cumulative the testimony would be. *United States v. Costello*, 760 F.2d 1123, 1126 (11th Cir. 1985). We review a district court's denial of a continuance for abuse of discretion. *United States v. Wuagneux*, 683 F.2d 1343, 1355-56 (11th

6

Cir. 1982) (noting that an appellant must show "specific, substantial prejudice in order to obtain relief").

Applying the four-factor test in *Costello*, we hold that the district court did not abuse its discretion in denying Fomby a continuance to obtain an absent witness. 760 F.2d at 1126. With regard to the first element, there is no evidence indicating whether or not Fomby was diligent in interviewing and procuring the witness. *See id.* This factor therefore does not weigh in favor of either party.

The district court's refusal to allow the continuance rested primarily on the second element; namely, whether the witness's testimony could be obtained within a reasonable time. *See id.* The district court stated repeatedly that, having participated in the first trial, Fomby should have anticipated the Government's case-in-chief would be short and that his witness might be needed early. It therefore considered an extra day to be an unreasonable delay. Given that the Government presented similar evidence in Fomby's first trial, the shortness of its case was predictable. Thus, the district court's determination that extending the trial for an additional day was unreasonable was not an abuse of discretion, and this factor weighs against Fomby.

Finally, with regard to the last two factors, Fomby did not indicate either at trial or in his appellate briefing what the nature and importance of the witness's testimony would have been. *See id.* Although Fomby did provide some detail

about the nature of her testimony in a post-trial motion, he failed to highlight the importance of that testimony.  Given the ease with which Fomby could have outlined the obvious importance of the witness's testimony, Fomby's failure to do so weighs heavily against a determination that the district court abused its discretion in denying him a continuance.  In addition, although Fomby refers to the witness's testimony as "exculpatory" in his brief, he never identifies the specific, substantial prejudice he has suffered by her exclusion.  Nor did he identify any such prejudice to the district court.

Therefore, because the factors above are neutral or weigh against Fomby and because Fomby has failed to make a showing of specific, substantial prejudice, *Wuagneux*, 683 F.2d at 1355-56, we hold that the district court did not abuse its discretion in refusing to grant Fomby a continuance to secure an absent witness.

**AFFIRMED.**