**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13981
_____

TYLER WALLACE,

*Plaintiff-Appellant,*

*versus*

LOUISIANA-PACIFIC CORPORATION,

*Defendants,*

TSI INC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cv-00128-JB-MU

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Tyler Wallace worked on the factory floor at the Louisiana-Pacific mill. He unfortunately suffered severe injuries when a conveyor belt snagged his arm. Wallace sued the equipment's manufacturer but lost at trial. On appeal, he challenges various evidentiary rulings made by the district court. Because the court did not abuse its discretion, we affirm.

## I.

The Louisiana-Pacific mill where Wallace worked manufactures engineered wood panels. This process produces scrap wood trimmings, and Louisiana-Pacific installed a conveyor belt to transport trim waste into a grinding machine. One day, while squatting down to pick wood trimmings off the ground, Wallace lost his balance and tried to brace himself by reaching for the conveyor belt. The conveyor belt's exposed nip point caught his right hand and pulled his arm into the machine, resulting in serious injuries.

The Occupational Safety and Health Administration opened an investigation into the accident. The agency then issued a citation against Louisiana-Pacific for alleged violations of OSHA's machine-guarding regulation. *See* 29 C.F.R. § 1910.212(a) (1974). Louisiana-Pacific filed an appeal before the Occupational Safety and Health Review Commission. In a sixteen-page opinion, the administrative law judge concluded that the employer did not violate the regulation: Wallace's injury was the first of its kind, and his "entry to the area surrounding the ingoing nip point was not reasonably predictable."

A lawsuit by Wallace also followed. One part of that suit was a state law design defect claim against the conveyor belt's manufacturer, TSI, Inc. Under Wallace's theory, the absence of a safety guard made the equipment unreasonably dangerous. TSI, on the other hand, insisted that the conveyor belt was safe because its location made a physical guard unnecessary. An important part of TSI's defense was the ALJ's opinion. Before and during trial, Wallace sought to exclude the entire document as irrelevant under Rule 402 and, alternatively, as unfairly prejudicial under Rule 403. The district court overruled these objections.

Over the course of a week, the jury heard evidence from both sides. Wallace introduced expert testimony from Ed Beard— a mechanical engineer—who opined that the conveyor belt violated OSHA's machine-guarding regulation. On the other side, TSI published the ALJ opinion to the jury. It also solicited testimony from Michael Rhea—Louisiana-Pacific's health and safety manager—who likewise concluded that there was no "reason for a worker to be in this area" while the machine was in operation. In the end, the jury returned a verdict in favor of TSI. This is Wallace's appeal.

## II.

"We review preserved objections to evidentiary rulings for abuse of discretion" and unpreserved objections for plain error. *United States v. Graham*, 981 F.3d 1254, 1260 (11th Cir. 2020).

### III.

Right out of the gate, TSI contends that Wallace waived all objections to the ALJ opinion because his lawyer mentioned it in passing during his opening statement. We disagree. It is true that an objection may be waived "if the objecting party later introduces evidence of the same or similar import himself." *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985) (quotation omitted). But opening statements are not evidence. In fact, nothing that counsel says at any point during trial is evidence. *See United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990); Eleventh Circuit Pattern Jury Instructions (Civil Cases), General Preliminary Instruction 1.1 (Sept. 2025). And here, the district court had already indicated—over Wallace's objection—that it would allow the ALJ opinion in; we cannot fault Wallace for trying to frame that evidence once he knew the jury would see it. Wallace did not waive his objections by addressing the ALJ opinion in his opening statement.

Moving to the specifics of those objections, we start with Rule 402 relevance. The bar is low. *See United States v. Macrina*, 109 F.4th 1341, 1349 (11th Cir. 2024). Evidence is relevant if "it has any tendency to make a fact more or less probable" and that fact "is of consequence in determining the action." Fed R. Evid. 401. This case turns on whether the absence of a safety guard made the conveyor belt unreasonably dangerous. The ALJ's determination that Wallace's employer complied with applicable machine-guarding regulations makes it more likely—even if just by a bit—that the equipment did not require a guard. *See Porchia v. Design Equip. Co.*, 113 F.3d 877, 881 (8th Cir. 1997). Indeed, this evidence is

no less relevant than Beard's contrary opinion testimony that Louisiana-Pacific violated OSHA regulations. No doubt, agency adjudications involve less robust procedures than federal jury trials. But those differences go to issues unrelated to relevance. We see no abuse of discretion in the district court's Rule 402 ruling.

We turn next to Wallace's Rule 403 objection. Under that Rule, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy, whose major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir. 1999) (quotation and ellipsis omitted). In this context, unfair prejudice refers "to the likelihood of inciting the jury to an irrational decision based on an improper basis." *United States v. Saintil*, 753 F.2d 984, 989 n.7 (11th Cir. 1985).

Here, Wallace describes two ways the ALJ opinion could have unfairly prejudiced, confused, or misled the jury. Neither can overcome Rule 403's "strong presumption in favor of admissibility." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quotation omitted).

*First*, he contends that the jury may have unfairly deferred to what TSI described in closing as the "finding of an unbiased judge who does not have a dog in this fight." But nothing in the record

suggests that the jury was unduly swayed. While the ALJ opinion may have given off an air of credibility, there is no indication that it was enough to overpower jurors' capacity for critical thought, such that they abdicated their factfinding responsibilities in favor of the ALJ's determination.[1] To the contrary, considering "the weight and credibility of witness testimony . . . has long been held to be the part of every case that belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge." *United States v. Scheffer*, 523 U.S. 303, 313 (1998) (alteration adopted and quotation omitted). And the fact that jurors may regard an agency adjudicator as inherently more credible (compared to, say, one side's paid expert witness) does not render his opinion evidence unfairly prejudicial—at least not to such an extent as to substantially outweigh its probative value.

*Second*, Wallace claims that the ALJ opinion might have led jurors to conflate federal workplace safety regulations and Alabama tort law. This argument is hard to square with the fact that Wallace's own expert testified at length that Louisiana-Pacific violated OSHA's machine-guarding regulation. The ALJ's contrary

---

[1] Unlike in *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275 (11th Cir. 2001), TSI put the entire document into the record; it did not introduce handpicked snippets to promote a "self-serving and unreliable" narrative. *Id.* at 1287. And while the jury was eventually tasked with weighing "conflicting findings of two administrative officials who reviewed the same facts," Wallace's reliance on the OSHA citation undermines his attempt to single out the ALJ's contrary opinion as unduly prejudicial. *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995).

24-13981                Opinion of the Court                7

opinion was no less confusing. And an opinion is not unduly prejudicial or confusing merely because the opponent thinks that the opinion is wrong. We see no abuse of discretion in the district court's Rule 403 ruling.[2]

Wallace's last argument is that Michael Rhea was not qualified to opine that the conveyor belt was "guarded by location"—that is, designed in a way and located in an area so that it is generally out of reach. The parties agree that the phrase "guarded by location" is a term of art in industrial engineering, and that Rhea does not qualify as an expert witness under Rule 702. But it is clear from context that Rhea used that phrase as shorthand for his lay opinion—based on his familiarity of the factory's layout and safety protocols—that Wallace had no reason to go near the machine while it was "in operation." In fact, Rhea clarified what he meant when he said that conveyor belt was "guarded by location," explaining that it was "not in a main walkway" but "more remote off to the side where" there were no "employees or people near there." As Wallace concedes, Rhea may opine on matters that are "rationally based on the witness's perception."[3] *See*

---

[2] For the first time on appeal, Wallace contends that the ALJ opinion constitutes improper opinion evidence and inadmissible hearsay. We may only consider unpreserved objections "by noticing plain error." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017) (quotation omitted); *see* Fed. R. Evid. 103(e). This doctrine "rarely applies in civil cases," and Wallace has not demonstrated that it applies here. *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

[3] To the extent that Rhea's turn of phrase veered into expert opinion territory, it had no effect on the jury verdict. TSI's expert witness also testified using

8                    Opinion of the Court                    24-13981

Fed. R. Evid. 701.  The district court did not abuse its discretion in overruling Wallace's Rule 702 objection.

⋆      ⋆      ⋆

The ALJ opinion may have been inadmissible on other grounds.  But Wallace did not raise those objections below.  The ones he did raise, though, were properly rejected.  We **AFFIRM**.

---

that exact phrase—testimony which Wallace does not challenge on appeal— so Rhea's statement was cumulative at best.  *See United States v. Hock*, 995 F.2d 195, 197 (11th Cir. 1993).